# SHOE AND LEATHER BANK *a.* THOMPSON.

*Supreme Court, First District ; General Term, February,* 1865.

## COMPLAINT.—LIBEL UPON CORPORATION.

Incorporated companies established for the purpose of transacting business, may maintain actions of libel, the same as individuals, for words affecting their business or property, if special damages be alleged and proved. (SUTHERLAND, J., dissented.)

In such an action by a bank, allegations that divers neighbors and citizens, to whom the innocence of the plaintiff was unknown, have since the publication refused to receive the notes of the plaintiffs, and have refused to have any dealings or business transactions with the plaintiffs in their business of banking, as they formerly had, to the great damage of the plaintiffs, sufficiently show special damages to sustain the complaint on demurrer. The remedy to make them more specific is by motion.

The action might be maintained even without showing special damage. (Per CLERKE, J.) .

Appeal from an order overruling a demurrer to complaint.

The plaintiffs, a banking incorporation formed under the laws of the State of New York, brought this action to recover damages for a publication made by the defendant in a paper called "Thompson's Bank Note and Commercial Reporter," which stated that there were 50's and 100's of notes of the bank said to be counterfeits, and as the signatures on the genuine notes of the bank are engraved, the officers were in doubt as to which were good.

The complaint after setting out the above matters and the circulation of the paper, averred that divers neighbors and citizens to whom the innocence of the plaintiff was unknown, have since the publication, refused to receive the notes of the plaintiffs, and have refused to have any dealings or business transactions with the plaintiffs in their business of banking as they formerly had, to the great damage of the plaintiff.

The complaint also contained similar allegations as to another publication by the defendant, that the bank would not pay

drafts upon it, and that he saw no reason why the bank may not at any time be closed by an injunction, with similar averments as to damage.

The defendant demurred to the complaint:

1st. That the complaint does not state facts sufficient to constitute a cause of action.

2d. That the plaintiff has no legal capacity to sue.

These causes of demurrer were applied to both counts of the complaint.

The demurrer was overruled by Mr. Justice Clerke at special term, and judgment ordered for the plaintiffs.

The court placed the decision upon the ground that a corporation has the same right as an individual for its business and property, and could maintain an action for libel.

The following opinion was rendered.

CLERKE, J.—Words which are calculated to impair the credit, or in any way to affect the standing of a person in relation to his trade or business, are actionable *per se*, precisely like words importing a charge of having been guilty of a crime, or of having a contagious distemper. Thus, to say falsely of a merchant that a debt will be lost because he is unable to pay it, is *per se* actionable. (Mott *a.* Comstock, 7 *Cow.*, 654.) On being asked, were there any failures yesterday, the defendant answered, "Not that I know of, but I understand that there is trouble with the Messrs. S.," who were merchants; held, that the words being spoken of the plaintiffs as merchants, were actionable. (Sewell *a.* Catlin, 3 *Wend.*, 291.)

The cases which I could quote are legion. The defendant is the publisher of Thompson's Bank Note and Commercial Reporter, a paper having a large circulation among the inhabitants of the city and State of New York, and other cities and States of the United States. He is charged in the complaint with having published in this paper several items manifestly calculated to affect the plaintiffs' credit as a banking institution. Among other items of intelligence contained in it are the following: "We would observe to those interested, that we see no reason why the Shoe and Leather Bank may not at any time be closed up by an injunction." "After promising to quote the Merchants' Bank at Trenton, I was informed that legal proceed-

Shoe and Leather Bank *a.* Thompson.

ings against the Shoe and Leather Bank were already under advisement."

These words being clearly calculated to impair the credit and affect the standing of any banking concern, would, beyond all question, be actionable *per se*, if spoken or written of an individual, without the necessity of proving special damage; in other words, would be actionable *per se*, if they were published in relation to any financial establishment not incorporated. If they were intended to apply to any individual banker in Wall-street, he would have a clear remedy for damages, without any allegation of special damage. The question, then, in the present case is, whether this remedy is not equally available in favor of a banking institution which is incorporated.

It is remarked by the defendant's counsel, in his brief, in support of the demurrer to the complaint, that he could find no precedent in favor of the plaintiffs' claim; and in the report of a case in New Jersey, involving the same question, it is affirmed that the court could find no precedent, and that the oracle was dumb.

I have not myself been able to find any reported case of an action commenced by a corporation aggregate for the publication of words affecting its credit, although the temporary illness, under which I now labor, prevents me from making that thorough search which the importance of the subject requires.

But, happily, our system of jurisprudence does not render it necessary that a case precisely similar should be found in the books, to authorize courts of justice to arrive at legal conclusions.

It would be at variance with the spirit and nature of that system to hesitate for the want of a precise precedent, when we are all to have recourse to its general principles; "these are not dumb."

And no principle is more generally recognized, and more capable of practical application, than that there is no wrong without a remedy.

Have not incorporated institutions, established for the purpose of transacting any business, as complete a right to legal protection as any individual against any wrong affecting their success?

The law makes no distinctions which have not some founda-

tion in reason or necessity; at least this is the dictate of the source from which our law is derived; although, in some technical points, distinctions without a difference may have been sanctioned. But the present period does not favor distinctions of this character. An incorporated institution, if entitled to any protection, is entitled to protection for its business and property.

It is recognized by the law as being engaged in business, and as being possessed of property. This recognition, as to its rights in these respects, is as effectual and complete as in the case of private individuals. And it would be very illogical to suppose, because corporations have more limited rights than individuals in other respects, that, with regard to the rights which they do possess, they have not the same remedies as individuals.

And I repeat, that the law has conferred on business corporations, as well as on individual bankers or merchants, the right of protection against all aggression affecting their business or property.

I therefore think that the plaintiffs have a right to maintain this action without setting out any specific damage.

The other objections raised by the demurrer are equally untenable.

The demurrer must be overruled, with costs, with leave to the defendant to answer in twenty days.

From the order entered in pursuance of this decision the defendant appealed.

*Samuel G. Courtney*, for the appellant.

*H. A. Cram*, for the respondents.

INGRAHAM, P. J.—There can be no doubt that the publication, if it had been made concerning an individual banker would have been libellous *per se*, and that he could have maintained an action therefor without proof of special damage; and, if so, that his complaint would have been good without any such averment. The law is so well settled that it is unnecessary to cite any authorities on this point.

I think, also, there can be no doubt that a corporation may

maintain an action for damages to the property or business of the incorporation, no matter in what way that injury was affected, whether by trespass, by negligence, or by wilful acts of any kind causing such damage. But when it is proposed to go further and maintain an action for defamation without showing that any injury has been sustained, upon the same grounds as that on which an individual may maintain an action for injury to his character, it may well be doubted whether such an action can be sustained.

Such cases are very rare in the books, and probably for the reason that the profession have not generally supposed such an action could be maintained. We have been referred only to two. (The Trenton Mutual Life & Fire Ins. Co. a. Perrine, 3 Zabriskie (N. J.), 403; The Metropolitan Co. a. Hawkins, 4 Hurl. & Norm., 146.)

In the former the judge expressed the opinion that the action could not be maintained without proof of special damage. The declaration in that case stated that, by means of the libel many and divers people have been prevented and hindered from insuring their lives with the plaintiffs' company, and that by reason thereof their gains and profits have been greatly lessened.

In the latter case the question was not distinctly presented whether an action for a libel could be maintained, and the question raised was in regard to the rights of the defendant to examine the books of the company for the purpose of getting evidence in the action.

That a corporation is entitled to protection in the law, and to recover damage for any injury sustained in its property is, I think, beyond doubt. The power to sue for such damages is inherent in its existence as a corporate body, and necessarily incident to its right to hold property, even if the statute did not give full power and authority to sue, and maintain actions in the courts. But such right to sue is confined to actions relating to the property and pecuniary interests of the corporation.

It can maintain no actions like individuals for personal injuries, because, although it is deemed in the law to have an existence, yet it can sustain no personal injury for which such an action will lie.

The true rule seems to be as to the power of corporations to

maintain actions, that they may do so in all cases necessary for the preservation of their property and rights, and for the recovery of any damages occasioned by the wrongs of others, but not for those damages to person and character for which an individual may recover unconnected with loss or injury to property.

There have been decisions made in a class of cases bearing some analogy to that of a corporation, in which a similar rule has been laid down. I refer to the cases where a partnership has been libelled, and an action brought by the firm. There it has been held that the firm may maintain an action in their joint name if they had sustained special damage (Goldstein *a.* Foss, 12 *Com. L. R.*, 556), and it was doubted whether any action would lie if no special damage was proved; and in Haythorn *a.* Lawson (3 *C. & P.*, 196) it was expressly held that in a joint action by two partners, damages could only be given for such injury as they may have sustained in their joint trade or business.

This question was in the Court of Appeals of this State, but the court was divided upon it, and the point was not decided. (Taylor *a.* Church, 4 *Seld.*, 452.)

I do not, however, think it necessary for the decision of this case to discuss more at length this question. There is another view of the pleading which will dispose of it.

The Code requires the plaintiffs to set out in the complaint the facts constituting a cause of action, not the evidence for which those facts are to be inferred. This complaint contains all the necessary averments as to the publication, and it also avers as damage sustained, that citizens have refused to receive the notes of the bank, and to have any dealings or business transactions with it. This is admitted by the demurrer, and such admission makes out all the necessary facts by which the cause of action could be sustained before a jury. The defendant undoubtedly has a right to ask that this averment of special damage may be made more specific, but the mode of obtaining that is by motion and not by demurrer. Special damages are averred, viz., that divers neighbors and citizens refuse to take bills of the bank, and refuse to have any dealings with it.

I understand the defendant to concede that an action might be sustained on proof of special damage occasioned by the pub-

lication. When the defendant admits the facts set up in the complaint, he admits a cause of action to exist. His remedy is then by motion.

The order should be affirmed.

CLERKE, J., concurred in the decision, but adhered to the opinion expressed at special term, that the plaintiffs may maintain the action without showing special damage.

SUTHERLAND, J., dissented.

---

SMITH *a.* THE NEW YORK CONSOLIDATED STAGE COMPANY.

*New York Common Pleas; Chambers, December,* 1864.
*Again, January and February,* 1865.

FRAUDULENT ASSIGNMENT.—PARTIES TO ACTION.—COUNSEL.—DATE OF ORDERS.—RECEIVERS.—CONTEMPT.—INJUNCTION.

A general assignment by the directors of a corporation, of all its property, is fraudulent and void as against the stockholders not consenting thereto, whether the company be solvent or not.

If such assignment be made in contemplation of insolvency, it is void by the statute. Any stockholder thus defrauded may bring an action in his own name to have such an assignment set aside.

*It seems,* that it is necessary to make the company a party to such an action.

---

Where an action is brought to set aside an assignment for fraud, it is a strong reason against appointing a person receiver of the property assigned, that he was a party to the assignment.

---

Bringing a suit to recover choses in action of a company is a violation of an injunction restraining the plaintiff from disturbing or interfering with the property or effects of the company, and may be punished as a contempt of court.*

---

* It was held in McQueen *a.* Babcock (41 *Barb.,* 331), that an injunction by