Ingraham, J.
Defendant seeks to sustain his demurrer on two grounds : First, that the only case in which a corporation can maintain an action for libel is when it appears by the complaint that the corporation is a moneyed corporation having shares of stock credit, property, etc., which may be injured by the libel; and that in this case it does not appear that the plaintiff is, but on the contrary it does appear that it is not such a corporation ; and second, that the complaint is defective in not alleging special damages.
The question of the right of a corporation to maintain an action for libel has been but seldom presented, and but two cases are cited on the question in the courts of this state.
The first was the case of The Shoe and Leather Bank v. Thompson (18 Abb. Pr. 418), in the general term of the supreme court. Justice Clerk, before whom the case was heard at special term, held that the law had conferred on business corporations, as well as on individual bankers and merchants, the right of protection against all agressions affecting their business or property, and that the plaintiff has a right to maintain the action without setting out any special damages. On an appeal to the general term, the presiding justice held that “ the rule seems to be—as to the power of corporations to maintain actions for libels—that they may do so in all cases necessary for preservation of their property and rights, and for the recovery of any damages occasioned by the wrongs of others, but not-for those damages to person and character for which an individual may recover, unconnected with loss or injury to property.”
The other case was the case of the Knickerbocker Life Ins. Co. v. Ecclesine (34 Super. Ct. 81). Judge Freedman, in his opinion at special term, cited with approval the opinion of the presiding justice in the Shoe, and Leather Bank case (supra), says : “ Upon a careful consideration of the principles involved, I have come to the conclusion that a corporation engaged in business, in which credit may be *462 piaterial to its success, may maintain an action of libel, without proof of special damage, where the language used concerning it is defamatory in itself, and injuriously and directly affects its credit, and necessarily and directly occasions pecuniary injury, but that in all other cases the averments and proofs of malice and special damage are necessary.”
Applying to the rules laid down in the foregoing cases, and which appear to be in accordance with the principles of common law, I do not think either of the grounds on which defendant seeks to obtain his demurrer can be sustained.
As to the first point, the demurrer admits that the plaintiff is a corporation organized under the laws of the state of New York for the transaction of certain business. There is nothing to show that it has or has not stock ; but no reason can be shown why a corporation of this kind should not be protected from the publication of false reports, where it appears either from the nature of the libel or from other facts pleaded, that such publications have, caused pecuniary injury to the corporation itself. A corporation legally organized is entitled to the protection of the law. Its property should be protected, and if any one wrongfully injures its property the power to sue for such an injury is a necessary incident to its right to hold property and its existence as a corporation.
As to the second ground, the complaint alleges and the demurrer admits, that the prosperity, usefulness permanency, and progress of the plaintiff, are dependent not only on the honesty and skill of the management but also in the confidence of the members and the public therein, and in the officers who conduct the same ; that the money to pay death-claims are voluntarily paid by the members when called for in assessments; . . . . and the faith and credit due to said plaintiff in its said business and the safety and stability and character of the said plaintiff, are and were at all the times in the complaint mentioned known by the public and all said persons, to be dependent upon the hon *463 esty and skill in the conduct of the said business and in the management thereof. Then follows a statement of the libel published, directly charging the officers and managers of the plaintiffs with acts which would “ injuriously and directly affect its credit, and necessarily and directly occasion pecuniary injury ” if the “credit” and standing are dependent upon the honesty and skill of its officers and directors, and that fact is alleged and admitted by the demurrer as before stated.
The complaint then alleges that by means of said publication the plaintiff was injured in its business to its damage $25,000.
It seems to me that these allegations come directly within the rule laid down in the two cases above mentioned (Knickerbocker Life Ins. Co. v. Ecclesine, supra, and Shoe & Leather Bank case, supra).
To enable the plaintiff to maintain this action it must appear either that from the nature of the business of the corporation, or from some other fact alleged, or from the libel itself, that the publication was a direct pecuniary loss to the corporation ; or the fact of such pecuniary loss must be shown by an allegation of special damage. But it appears to me that in this case the allegation that the money to pay death claims is necessarily paid to the company when called for in assessments ; that the prosperity of the company depends upon confidence in the honesty and skill of the officers; and that in consequence of a publication charging the officers with dishonesty and want of skill in their management of the company’s business, the company was injured in its reputation and in its good name and credit in its business, and in said business, are sufficient allegations that the publication did cause a direct pecuniary damage and are sufficient without proof of special damage.
The first three causes of action are substantially the same, except that the publications are different, but they all allege substantially that there is a want of skill and honesty in the management of the corporation and in its officers. And the fourth cause of action is for a subse *464 quent publication of the libels complained of in the first three causes of action.
The demurrer should therefore be overruled, and judgment ordered for plaintiffs with costs, with leave to the defendants to answer within twenty days on payment of costs.