PROVIDENCE COUNTY.

MORRISON–JEWELL FILTRATION COMPANY *vs.* DAVID F. LINGANE.

A corporation may maintain an action for libel for language concerning it in its trade or business.

In an action for libel the declaration set out that the plaintiff was a corporation engaged in the business of building works and appliances for the filtration of water by a system known as the M.–J. system, and was, at the time of the publication of the article complained of, endeavoring to make a contract with the city of Providence for the construction of its works for the filtration of the water used by the city ; that the defendant published an article which in affect stated that the plaintiff employed alum in its process of filtering water, that some very high medical and chemical authorities were inclined seriously to question the safety of such water for drinking purposes, and that there was doubt as to the healthfulness of the water.   The declaration averred that the statements contained in the article were false.   On demurrer,

*Held,* that the publication was libelous.

Another count in the declaration alleged the publication of an article in a newspaper to the effect that one who had been a member of the city council had stated that on a former occasion a resolution was framed providing for the introduction of the plaintiff's system of filtration, that he had been entrusted with the introduction of the resolution and requested to urge its passage, and that during his investigations into the system he was led to believe he would receive $10,000 if he should succeed in getting the resolution through the city council.   The count by proper *innuendo* charged that the meaning intended to be conveyed was that a member of the city council of Providence had been offered $10,000 by the plaintiff to secure the passage through the city council of a resolution for the introduction of the plaintiff's system of filtration into the city of Providence.

*Held,* that the article was fairly susceptible of the meaning attributed to it by the *innuendo*, and, if intended by the defendant to have such meaning, was libelous.

TRESPASS ON THE CASE FOR LIBEL.   Certified from the Common Pleas Division on demurrer to the declaration.

*December* 14, 1895.   MATTESON, C. J.   The plaintiff is a corporation engaged in the business of building works and appliances for the filtration and purification of water by a system or process known as the Morrison–Jewell system or process.   At the time of the publication by the defendant complained of, it was endeavoring to make a contract with the city of Providence for the construction for the city of its

system of tanks and works for the filtration of the water used by the city and its inhabitants. The portions of the article alleged to be libelous, set forth in the first count of the declaration, are as follows: "Possible danger to health in the use of alum in the process of filtering water. . . . . . Another important consideration in connection with the Morrison–Jewell system, which employs alum in its process, is the healthfulness of the water after having passed through the filtering tanks. Some very high medical and chemical authorities are inclined seriously to question the safety of such water for drinking purposes; and while there may perhaps be some doubt on both sides, the fact that any doubt whatever may exist regarding the healthfulness of the water is sufficient to emphasize the necessity of caution and thorough investigation before the city is finally irrevocably committed to the proposed system." If the statements of facts contained in these extracts are true, we should doubt whether they went beyond the limits of proper newspaper comment. But the declaration avers that they are false; and as the case is before us on demurrer which admits the facts to be as alleged in the count, we must assume for the present purpose that the statements contained in the article are false. Assuming them to be false, we cannot doubt that they are libelous, since the necessary effect of them would be to injure the plaintiff in its business and to embarrass it in its negotiations with the city of Providence or others with whom it might wish to contract for the adoption of its process, if not to prevent such negotiations altogether. A corporation, though an artificial person, may maintain an action for libel for language concerning it in the trade or occupation in which it is engaged. *Ohio & Mississippi Railway Co.* v. *The Press Publishing Co.*, 48 Fed. Rep. 206; *Trenton Mutual Life & Fire Ins. Co.* v. *Perrine*, 23 N. J. Law, 402; *Mutual Reserve Fund Life Ass'n* v. *Spectator Co.*, 50 N. Y. Superior Ct. 460; *Shoe & Leather Bank* v. *Thompson*, 18 Abb. Pr. 413; *Metropolitan Saloon Omnibus Co.* v. *Hawkins*, 4 Hurl. & N. 146; *The Western Counties Manure Co.* v. *The Lawes Chemical Manure Co.*, L. R. 9 Exch. 218.

The article complained of in the second count is as follows: "Within twenty-four hours a well known business man, who for many years was a member of the city council, has informed the Telegram that more than a year ago a resolution was framed providing for the introduction of the Morrison–Jewell system of filtration. He was entrusted with the introduction of the resolution, and was requested in presenting it to the council to urge its passage. Before doing so, however, he felt it his duty to look into the matter and acquaint himself with the system and the conditions of the resolution. This gentleman informs the Telegram that during his investigations he was led to believe that he would receive $10,000 if he should succeed in getting the resolution through the city council." The count by a proper innuendo charges that the intention of the article, and the meaning intended to be conveyed by it, was that a member of the city council of Providence was offered ten thousand dollars by the plaintiff to secure the passage through the city council of a resolution for the introduction of the plaintiff's system of filtration of water into the city of Providence. We think the extract quoted fairly susceptible of the meaning attributed to it by the innuendo, and that if such should be found by a jury to have been the construction intended by the defendant, that it was clearly defamatory of the plaintiff, and therefore libelous.

We do not think that either of the counts is bad for want of a proper and sufficient prefatory statement or colloquium, or because it seeks to enlarge the meaning of the language complained of beyond its fair and reasonable construction.

The publication complained of is not of the class which is absolutely privileged, or as the defendant terms it, privileged in law. As suggested by the plaintiff's counsel, the most that can be claimed for it is that it is entitled to the qualified privilege which is extended to publications otherwise libelous when made from proper motives and in circumstances which afford an excuse or justification. *Kent* v. *Bongartz*, 15 R. I. 72; Odgers, Libel and Slander, * 182 to * 184. As such qualified privilege is founded on motives

and circumstances, the existence of which is negatived by the declaration, we cannot consider it on demurrer, but must assume the truth of the allegations of the declaration.

Demurrer overruled, and case remitted to the Common Pleas Division for further proceedings.

Stiness, J., dissents as to the libelous character of the language complained of set out in the first count.

*Stephen O. Edwards & Walter F. Angell*, for plaintiff.

*Charles A. Wilson & Thomas A. Jenckes*, for defendant.