Spotorno vs. Fourichon.

## No. 10,004.

### LOUIS SPOTORNO VS. AUGUST FOURICHON.

Under the law of Louisiana slander is a *quasi* offense, actionable under the broad provision of the Code: "Every act whatever of man that causes damage to another, obliges him by whose fault it happened to repair it.

If the words are false, injurious and uttered *malo animo*, they are actionable.

Both malice and injury may be inferred from the nature and falsity of the words.

Under the existing social habits, customs and prejudices, considered simply as facts, charging a white man with being a negro, is calculated to inflict injury and damage to the knowledge of all persons, and no one can so make and circulate such a charge without knowing its injurious effect and intending to injure, if he knew that the charge was false. Such charge was recognized as actionable slander by this Court under the Constitution of 1868. 21 Ann. 308.

APPEAL from the Civil District Court for the Parish of Orleans. *Houston*, J.

*F. Michinard* for Plaintiff and Appellee.

*Branch K. Miller* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. This is an action for slander by falsely and maliciously asserting and circulating the report that plaintiff was a negro. Under

our laws slander is a *quasi* offense, actionable under the broad provisions of our Code, which declares: "Every act whatever of man that causes damage to another obliges him by whose fault it happened to repair it."

Our courts are not bound by the technical distinctions of the common law as to words actionable *perse,* and not actionable *perse,* and allowing for the latter only actual pecuniary damage specially proved. Miller vs. Holstein, 16 La. 389; Feray vs. Foote, 12 Ann. 894

If the charges are false, injurious and made maliciously or *malo animo*, they combine all the elements essential to support the action.

Both the damage or injury and the malice may be inferred from the nature and falsity of the words and from the circumstances under which they were uttered without the necessity of special proof. Miller vs. Holstein, 16 La. 389; Daly vs. Van Benthuysen, 3 Ann. 69; Fresch vs. Maddox, 11 Ann. 206; Cass vs. N. O. Times, 27 Ann. 214.

Under the social habits, customs and prejudices prevailing in Louisiana, it cannot be disputed that charging a white man with being a negro is calculated to inflict injury and damage. We are concerned with these social conditions simply as facts. They exist, and for that reason we deal with them. No one could make such a charge, knowing it to be false, without understanding that its effect would be injurious and without intending to injure. This was treated as an actionable slander by the court organized under the Constitution of 1868. Foye vs. McMahon, 21 Ann. 308.

Defendant admits that plaintiff is a white man, and defends only by denying that he ever made the charges alleged.

We have considered and weighed the evidence and can find no reason to reverse the conclusion of the district judge that the proof is sufficient.

It is claimed that the evidence of one witness should not be considered, because the facts testified to by him occurred more than a year before the suit, and were, therefore, within the prescription pleaded. This is doubtful; but, if true, the evidence would be entitled to weight as corroborating the testimony of the other witnesses who proved like statements within the prescription term.

We think the record affords no ground for disturbing the moderate damages allowed.

Judgment affirmed.