## WARNER INSTRUMENT CO. v. INGERSOLL.

(Circuit Court, S. D. New York. November 11, 1907.)

1. LIBEL—RIGHT OF ACTION OF CORPORATION—NATURE OF CHARGES.

A defamatory publication regarding the acts of a corporation does not give it a right of action for libel, unless the words import an indictable offense involving moral turpitude, or such malevolence, misconduct, or obloquy as affects the financial standing of the corporation or occasions a pecuniary loss. It is not sufficient that it attacks the rectitude of the officers or members of the corporation on account of acts done in their official capacity, or charges acts which render them liable to criminal prosecution.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 12, Corporations, § 174.]

2. SAME—SUFFICIENCY OF COMPLAINT.

The complaint in an action by a corporation for libel *held* to state a cause of action.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, §§ 186–213.]

3. SAME—NECESSITY OF ALLEGING SPECIAL DAMAGES.

Where the language of an article published relating to a corporation was libelous per se, and such as to naturally affect its credit and occasion it pecuniary loss, a complaint for libel based thereon need not allege special damages.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 32, Libel and Slander, § 213.]

At Law. On demurrer to complaint.

Samuel E. Darby, for plaintiff.

Rushmore, Bisbee, Rogers & Stern (Eldon Bisbee, of counsel), for defendant.

HAZEL, District Judge. I think the complaint sets forth a cause of action, and accordingly the demurrer must be overruled. The particular point is whether the alleged libelous publication in the Horseless Age, defendant's publication, legally injured the property or business of the plaintiff corporation. The rule is well settled that a false and defamatory publication regarding the acts of a corporation are not libelous per se, unless the printed words import an indictable offense involving moral turpitude, or such malevolence, misconduct, or obloquy as affects the financial standing of the corporation or occasions a pecuniary loss. Reporters' Ass'n v. Sun Printing & Publishing Ass'n, 186 N. Y. 437, 79 N. E. 710. To merely attack or challenge the rectitude of the officers or members of a corporation, and hold them or either of them up to scorn, hatred, contempt, or obloquy for acts done in their official capacity, or which would render them liable to criminal prosecution, does not give the corporation a right of action for libel. Memphis Telephone Co. v. Cumberland Telephone & Telegraph Co., 145 Fed. 904, 76 C. C. A. 436, and cases cited. The contention of the defendant, however, that the language of the printed article applied only to the agents of the plaintiff, who, in fact, were responsible for the advertisement printed in the defendant's publication and which resulted in the alleged defamatory article under consideration, in my opinion, is not supported by such

article. Separately read and unconnected with the entire article, the innuendoes sound like an evident exaggeration, but reading the article as a whole the charge that the plaintiff by falsification sought to obtain an improper advantage over its rival in business is clear. In a subtly skillful manner the writer of the article assumed the responsibility for the language contained in the advertisement inserted by the plaintiff in the defendant's publication, and at the same time he denounced the acts of the plaintiff as being "deliberate false statements concerning the wares of their rivals, for the purpose of seeking an advantage which they had been unable to obtain upon the merits of their own products." The article contains the further statement:

"The most serious and regrettable portions of the advertisement are, however, those which refer by name to a business rival and deliberately, maliciously, and untruthfully state that its product is manufactured upon principles conceded to be wrong."

The allegation by way of innuendo is "meaning that the plaintiff was guilty of publishing an advertisement which was of such unfair, deceitful, fraudulent, and false character that it was unfit and improper to publish the same." It is not impossible for the jury to draw from the entire article the imputations claimed by the plaintiff to be defamatory, and also that the property or the credit of the plaintiff corporation in reality was affected.

The language printed to express the apologies of the defendant to the Jones Speedometer was libelous per se, and special damages need not be alleged. The rule announced in Reporters' Ass'n v. Sun Printing Co., supra, would seem to apply. In that case the court by Gray, J., said:

"Its (plaintiff corporation) right to be protected against false and malicious statements, affecting its credit, or property, should be beyond question. There has been some dispute in the cases as to the necessity of setting out the specific damage, which a corporation claims to have suffered from a libelous publication; but I regard the better rule to be that such an averment is not necessary, when the language is of so defamatory a nature as to directly affect credit and to occasion pecuniary injury."

The demurrer is overruled, with costs, but with leave to the defendant to answer within 20 days from service of the order.