Both suits for divorce fall within the appellate jurisdiction of this court, and the litigant cast in either or both has an adequate remedy by appeal.

The rule to show cause issued herein is therefore recalled and vacated, and the application for writs of certiorari, mandamus, and prohibition is denied, at relator's cost.

Rehearing denied by Division B, composed of DAWKINS, LAND, and LECHE, JJ.

---

(99 South. 296)

No. 25981.

## DUNN et al. v. BRUAT.

(Jan. 7, 1924.    Rehearing Denied by Division B Feb. 20, 1924.)

*(Syllabus by Editorial Staff.)*

1. **Libel and slander** ⟨⟩6(1)—**Mere verbal abuse not oral slander.**

In a suit for damages for an eviction and slander brought by a husband and wife, evidence that defendant addressed plaintiff as "You G—— d—— s—— o—— b——," was properly restricted to proof of verbal assault and the damage resulting therefrom; such words being mere abuse, not constituting oral slander.

2. **Appeal and error** ⟨⟩1011(1)—**Conclusions of trial judge on conflicting evidence will not be disturbed unless manifestly erroneous.**

Where there is conflicting evidence, the conclusions of the trial judge who saw and heard the witnesses are entitled to great weight, and will not be disturbed unless manifestly erroneous.

Appeal from Civil District Court, Parish of Orleans; Hugh C. Cage, Judge.

Action by Ida Barthet Dunn and Samuel Morgan Dunn against John Bruat. Judgment for defendant, and plaintiffs appeal. Affirmed.

Herman Winsberg and N. H. Polmer, both of New Orleans, for appellants.

John J. Reilley, of New Orleans, for appellee.

By Division A, composed of O'NIELL, C. J., and ROGERS and BRUNOT, JJ.

BRUNOT, J. This is a suit for damages for an alleged eviction and slander.

The plaintiffs are husband and wife and both alleged damages for the eviction. Evidence was excluded as to this demand of the wife because the right of action for the eviction belonged to the community, and plaintiffs acquiesce in this ruling.

The evidence offered to prove the alleged slander was admitted only for the restricted

purpose of proving an assault; the lower court ruling that the language alleged to have been used by the defendant did not, in law, constitute slander; but, if the alleged verbal assault was established, damages would be allowed.

It is alleged that defendant addressed plaintiff as follows: "You G—— d—— s—— o—— b——," and that these words, so used, constitute oral slander.

There is a broad distinction between oral and written words.

Different definitions of slander are given by different commentators upon the subject. In "Pollard v. Lyon," 91 U. S. 225, 23 L. Ed. 308, Mr. Justice Clifford as the organ of the court says:

"Oral slander, as a cause of action, may be divided into five classes, as follows: (1) Words falsely spoken of a person which impute to the party the commission of some criminal offense involving moral turpitude, for which the party, if the charge is true, may be indicted and punished. (2) Words falsely spoken of a person which impute that the party is infected with some contagious disease, where, if the charge is true, it would exclude the party from society; or (3) Defamatory words falsely spoken of a person, which impute to the party unfitness to perform the duties of an office or employment of profit, or the want of integrity in the discharge of the duties of such an office or employment. (4) Defamatory words falsely spoken of a party which prejudice such party in his or her profession or trade. (5) Defamatory words falsely spoken of a person, which, though not in themselves actionable, occasion the party special damage. * * * Certain words, all admit, are in themselves actionable, because the natural consequence of what they impute to the party is damage, * * * but in all other cases the party who brings an action for words must show the damage he or she has suffered by the false speaking of the other party."

[1] This classification has been accepted as authority, and in its application to this case it is apparent that the words alleged to have been used by the defendant were merely disgusting and senseless abuse. For this reason the ruling of the lower court restricting the testimony to proof of assault and the damage resulting therefrom was correct, and as to this issue and the eviction only questions of fact are presented.

[2] The doctrine of this court, which is supported by an unbroken line of decisions cited in Louisiana Digest, vol. 1, Appeal, XXI, § 636, is as follows:

"Where there is conflicting evidence, the conclusions of the trial judge, who saw and heard the witnesses, are entitled to great weight, and will not be disturbed, unless manifestly erroneous."

We have read the testimony carefully, and, so far as the record discloses, our view of it coincides with the conclusions announced in the written opinion of the judge a quo.

For these reasons the judgment of the lower court is affirmed, appellant to pay costs.

Rehearing refused by Division B, composed of DAWKINS, LAND, and LECHE, JJ.