## JUMONVILLE v. FREY'S, Inc., et al.*
### No. 16587.

Court of Appeals of Louisiana. Orleans.
March 22, 1937.

*Rehearing denied April 19, 1937.

George D. Smart and Philip R. Livaudais, both of New Orleans, for appellant.

F. Rivers Richardson, of New Orleans, for appellees.

WESTERFIELD, Judge.

This is a suit for damages in the sum of $10,000 based upon an alleged verbal assault. Plaintiff's claim is itemized as follows:

"Public humiliation .......... $2,000.00
"Injury to her feelings and self
   respect ................... 3,000.00
"Aggravation of her illness .. 3,000.00
"Fear of bodily harm ........ 1,000.00
"Shock to her nervous system .. 1,000.00"

The allegations of plaintiff's petition are to the effect that on Saturday, April 20, 1935, at about 8:30 a. m., she entered the retail store of Frey's, Inc., operated by Frank Frey and located at 1034 South Rampart street, in the city of New Orleans, for the purpose of buying two packages of cigarettes; that she purchased the cigarettes for $.15 a package and gave defendant's cashier a one-dollar bill and received in change only 20 cents; that she remonstrated with the cashier, calling attention to the fact that she had given a dollar bill in payment of the cigarettes, and not 50 cents, whereupon the cashier called Frank Frey, the manager of the store, to whom

she stated her complaint; that Frank Frey in a loud and angry voice told plaintiff that she could "go straight to hell," and that upon plaintiff reiterating her claim Frey, in a violent and insulting manner, threatened "that if she repeated the statement he would slap her face"; that following her to her automobile which was parked nearby, he reiterated his threat; that at the time of the altercation with Frank Frey plaintiff was, and had been for a considerable time prior thereto, under medical treatment for diabetes and that her condition was greatly aggravated by the nervous shock incident to the insulting and abusive language used by the defendant Frank Frey; that Frey's, Inc., as well as Frank Frey is responsible in damages to plaintiff because at the time of the assault Frey was acting in the scope of his duty as general manager of Frey's, Inc.

Both Frey and Frey's, Inc., are joined as defendants and judgment in solido against both defendants prayed for.

To this petition, after filing exceptions of vagueness and no right or cause of action, the first of which was sustained with leave to amend and the second overruled, defendants filed similar answers in which it is averred that the plaintiff, after purchasing the cigarettes in its establishment, tendered only 50 cents in payment and received the proper amount, 20 cents, in change; that she denounced defendant's cashier as a thief; and that when Frank Frey discussed the matter with her, she "in a loud and violent manner, in the presence and hearing of others, charged respondent with being a thief and a robber"and asserted that Frey's, Inc., was conducted for the purpose of robbing people. It is denied that Frey told plaintiff "to go straight to hell," but the alleged threat to slap her face is admitted conditioned upon a repetition of the charge that Frey and Frey's, Inc., were thieves and robbers.

The case was tried before a jury and resulted in a verdict in favor of the defendants, the jury voting nine to three. Plaintiff has appealed from the judgment of the court based upon the verdict of the jury, and in this court defendants have renewed their exceptions of no cause or right of action.

The exception of no cause of action which, as we have said, has been renewed in this court, is based upon the contention that a verbal assault consisting of a threat to strike one if a denunciatory remark is repeated is not actionable because no damage can be shown to have resulted from the utterance of the threat. The words used are not slanderous, and since the threat was not executed it is said that plaintiff has not been damaged. We are referred to Pollard v. Lyon, 91 U.S. 225, 23 L.Ed. 308, and Dunn v. Bruat, 155 La. 376, 99 So. 296. Without stopping to discuss the cited cases, we observe that in this case there is an allegation that the assault aggravated a long-standing case of chronic diabetes with unfortunate consequences to plaintiff's general condition. There is, therefore, an allegation of special damages. See our opinion overruling motion to dismiss appeal. 171 So. 590.

Miss Jumonville is corroborated by Samuel Fein, who happened to be present at the scene of the occurrence. Fein testified that he heard Miss Jumonville say to Mr. Frey: "Why don't you tell your cashier to give me cash change for mine dollar? That lady tell to Mr. Frey right in front of me by that sidewalk, 'Mr. Frey, why don't you tell your cashier to give me change for mine dollar. I gave her a dollar and she never gave me change; she just gave a half.' And Mr. Frey said, 'Lady, if you say a word, I'll slap your face.' This lady didn't know what to do. I said, 'Lady', I tell her, 'why don't you run across the street by the Union Depot and see the officer there and explain him.'"

Mrs. Joseph Canepa testified that she operated a fruit stand one door removed from the Frey establishment. She did not see Frey at all, but did see Miss Jumonville standing in front of Frey's place "looking like she was collapsing and doing something like you know, like weakening. So I says, 'What's the matter?' And she says, 'Frey was going to hit me.'"

Anthony White testified that he saw Frey and Miss Jumonville in front of Frey's store, but did not hear what either one of them was saying, though it appears to him that Frey was angry.

As against this evidence on plaintiff's behalf, we have the testimony of Mrs. Atkinson, or Miss Cooper as she is called, Wm. Sierra, Lee C. Guillory, and Frank D. Costley. These four witnesses corroborate the testimony of Frank Frey, and their evidence is to the effect that Miss Jumonville became abusive and threatening and that Frey acted with restraint

until denounced as a thief when he indulged in the threat to slap plaintiff's face.

■ The whole controversy arose over 50 cents. We do not know whether Miss Jumonville gave the cashier a one-dollar bill or 50 cents. The preponderance of the testimony in the record is to the effect that she gave only 50 cents. Moreover, a check was made of defendants' cash in the cash register as against the sum registered without revealing any discrepancy. We are convinced, however, that whatever sum Miss Jumonville gave in payment of the cigarettes, she believed she had given one dollar and was naturally surprised and indignant when change for only 50 cents was returned to her. Whether she became the aggressor in the ensuing controversy is the important matter to be determined, for one who provokes difficulty by the use of epithets calculated to arouse resentment is not entitled to recover in damages because of a retaliatory assault.

In Finkelstein et al. v. Naihaus et al. (La.App.) 151 So. 686, 688, it was held:

"We believe, as did our learned brother below, that Mrs. Finkelstein was the aggressor and, therefore, plaintiffs cannot recover, for the law is clear that, where plaintiff provokes a difficulty by insults, abuse, threats, or other conduct well calculated to arouse the resentment or fears of the defendant, plaintiff is not entitled to recover." (Numerous authorities.) See, also, Vernon v. Bankston, 28 La.Ann. 710; Bankston v. Folks, 38 La.Ann. 267; Massett v. Keff, 116 La. 1107, 41 So. 330; Walsh v. Schriner (La.App.) 168 So. 345.

■ The verdict of the jury indicated that it had accepted the version of the incident given by defendant. We cannot say that they were guilty of manifest error in the determination of the question of fact involved, nor can it be said that their verdict is against the clear preponderance of the evidence. The fact that defendants' witnesses were all of them connected in one capacity or another with Frey's, Inc., should be considered in weighing their testimony just as is any other fact bearing upon their credibility, such, for example, as their demeanor on the witness stand. These facts as well as others affecting the credibility of witnesses were doubtless given proper consideration by the jury and certainly by the learned judge who approved the verdict of the jury. We believe that

this is a case peculiarly within the rule that the finding of a jury on a question of fact should not be disturbed unless clearly erroneous. See numerous authorities cited in Louisiana Digest, Volume 1, Verbo Appeal and Error, ☞ 628.

For the reasons assigned the judgment appealed from is affirmed.

Affirmed.