## MAAS et al. v. NATIONAL CASUALTY CO.
### No. 4323.

Circuit Court of Appeals, Fourth Circuit.

June 6, 1938.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

Z. Townsend Parks, Jr., and Eldridge Hood Young, both of Baltimore, Md. (Young & Crothers, of Baltimore, Md., on the brief), for appellants.

William D. MacMillan and W. Randall Compton, both of Baltimore, Md. (Semmes, Bowen & Semmes, of Baltimore, Md., on the brief), for appellee.

NORTHCOTT, Circuit Judge.

This is an action at law brought in the Baltimore City Court of Baltimore, Maryland by the appellants, F. Leonard Maas and Joseph A. Parker, individually and copartners trading as Maas Construction Company, here referred to as the plaintiffs, against the appellee, the National Casualty Company, a Michigan corporation, here referred to as the defendant. The object of the suit was to recover damages for an alleged libel committed by the defendant.

The action was removed to the District Court of the United States for the District of Maryland. After removal an amended declaration was filed by the plaintiffs and pleas were filed by the defendant, to which plaintiffs replied. On December 16, 1937, the case was called for trial and a jury was selected and sworn. Before any evidence was taken the trial judge suggested that the pleas and replication be withdrawn and that a demurrer to the declaration be filed. To this suggestion the attorneys for both the plaintiffs and the defendant consented and a demurrer to the declaration was filed on behalf of the defendant.

After argument the court sustained the demurrer and entered judgment for the defendant with costs. From this action this appeal was brought.

The declaration alleged that the plaintiffs were engaged in the business of general contractors and had in the year 1934 contracted with the Board of Regents of the University of Maryland for the construction of a building at College Park, Maryland. That the defendant became surety under the contract. That while plaintiffs were engaged in constructing said building the defendant sent to the said Board of Regents the following telegram:

"University of Maryland
"College Park, Maryland.

"Because of no information from Maas indicating that money from Womans Dormitory contract bonded by us is going to be used for no purpose other than payment bills this job we must continue our request that you make no payments to Maas without our consent (stop) Please wire your intention

"National Casualty Company
"E. M. Kincy."

The declaration further alleged that this telegram was maliciously intended to reflect on plaintiffs' actions in connection with the contract and caused them to sustain loss and damage to their business and reputation "not only with the said Board of Regents of the University of Maryland but also with the public at large."

Two questions are presented for consideration. First: Were the words used in the telegram libelous per se? Second: If the words were not libelous per se was

there a sufficient allegation of special damage?

We are of the opinion that both questions must be answered in the negative. The telegram was sent by an officer of the defendant in a perfectly legitimate and proper effort to insure it against loss, as surety on plaintiffs' bond, and it is only by innuendo that any meaning can be read into the words used that would make them libelous per se. The rule as to innuendoes is well stated by Judge Soper, now of this court, in the case of Phillips et al. v. Union Indemnity Co., 4 Cir., 28 F.2d 701, where he said (page 702):

"It is familiar law that while the office of the innuendo is to connect the defamatory matter with the other facts set out, so as to show the meaning and application of the charge, it cannot enlarge or restrict the natural meaning of the words, or introduce new matter. It cannot be used to give a forced and unnatural construction and application of the words, but only a reasonable and natural construction and application. * * * Furthermore, since the injurious character of the publication and the harm done to the plaintiff depends upon the manner in which the writing is understood by those to whom it is uttered, it must be read and construed in the sense in which the reader would ordinarily understand it; and if, when thus considered, it cannot reasonably be interpreted as defamatory, it will not serve as a basis for the action. Washington Post Co. v. Chaloner, 250 U.S. 290, 39 S.Ct. 448, 63 L.Ed. 987; Baker v. Warner, 231 U.S. [588], 594, 34 S.Ct. 175, 58 L.Ed. 384."

See, also, Flaks v. Clark, 143 Md. 377, 122 A. 383; Newbold v. J. M. Bradstreet & Sons, 57 Md. 38, 40 Am.Rep. 426; Stannard v. Wilcox & Gibbs Sewing Mach. Co., 118 Md. 151, 84 A. 335, 42 L.R.A.,N.S., 515, Ann.Cas.1914B, 709.

There is no charge in the telegram that plaintiffs were doing anything illegal or anything they did not have a right to do under their building contract and no dishonest or improper motive is imputed to them.

It is well settled that the question whether the words are libelous per se is one of law for the court (Phillips v. Union Indemnity Co., supra, and authorities there cited) and it is only when the language is susceptible of two meanings that the question is one for the jury. Here the words used are plain and unambiguous and do not support the innuendo as claimed by the plaintiffs.

It is apparent from a reading of the declaration that there is no adequate allegation of special damages. The rule is stated in 86 A.L.R. 848 as follows:

"In a great number of cases it has been held that, where the plaintiff alleges special damage by reason of the defamatory publication, which, although it is not actionable per se, damages him in his business, trade, or profession, the loss of customers, contract, sales, patients, or clients, the particular contracts, sales, customers, patients or clients lost must be alleged as a prerequisite to recovery of special damages."

See, also, Pollard v. Lyon, 91 U.S. 225, 23 L.Ed. 308; 37 C.J. 38.

The demurrer was properly sustained and the judgment of the court below is affirmed.

Affirmed.