**MISSISSIPPI RIVER FUEL CORPORATION, Appellant,**

**v.**

**Charles A. O'NIELL, Jr., Appellee.**

**No. 15752.**

United States Court of Appeals Fifth Circuit.

Feb. 29, 1956.

James E. Wright, Jr., Frank B. Ellis, Charles D. Lancaster, New Orleans, La., for appellant, Mississippi River Fuel Corp.

James O'Neill, James G. Schillin, New Orleans, La., for appellee.

Before HUTCHESON, Chief Judge, and RIVES and CAMERON, Circuit Judges.

HUTCHESON, Chief Judge.

The complaint alleges that: as plaintiff in a suit brought by him against J. Harry Henderson in a state court in Louisiana, the defendant in this suit, Charles A. O'Niell, Jr., had made certain false, malicious, scurrilous, defamatory and libelous charges[1] against the employees of plaintiff's South Louisiana Division Office in New Orleans, viz., Crouere, Division Exploration Superintendent, Bounds, Division Land Man, and Boebel, Division Geologist; and that said charges were maliciously contrived by O'Niell without any foundation in fact or probable cause, he well knowing them to be false and intending them maliciously to injure plaintiff. It was further alleged: that, though O'Niell had negatived any knowledge of, or participation in, this fraud by plaintiff by expressly pleading that plaintiff was itself deceived by its employees, these allegations were falsely made, and the intent and result of the allegations as a whole were to slander plaintiff through slandering its agents through whom it acted and operated and upon whose good will and good standing plaintiff's good will and standing depended; that such accusations against plaintiff's said employees had not only cast a cloud of suspicion and dishonor upon all previous negotiations in which plaintiff was represented by them, but also will seriously and materially impede the success of any further business ventures undertaken by plaintiff; that, since the filing of the lawsuit, O'Niell has upon a number of occasions and to many people repeated the unfounded, unwarranted, malicious and libelous accusations; and that the scurrilous defamation to which plaintiff has been subjected as aforesaid has damaged it in the sum of $1,000,000.

Attached to the complaint was the State Court petition of Charles O'Niell in which, suing Henderson to set aside as fraudulent the farm out lease agreement which O'Niell, joined with plaintiff, Mississippi River Fuel Corporation, had made, he alleged in substance that "Mississippi's" three employees above named handled the deal in their own interest and knowing full well that the property was greatly valuable and that the deal was in fraud of O'Niell and the company, Mississippi River Fuel Corporation.

At no place, however, did the petition cast any aspersion upon "Mississippi". On the contrary, it charged that "Mississippi" had been cheated and defrauded by its agents; that because they were acting for their own interests, they did not in fact and in law represent "Mississippi" in the transaction in question; and that because of the fraud, O'Niell was entitled to a judgment against Henderson cancelling and annulling the agreement.

Defendant, moving to dismiss the complaint because it failed to state a claim upon which relief could be granted, the court, without filing an opinion, sustained the motion and ordered the complaint dismissed.

---

1. The said charges were in effect that the three persons above named falsely and fraudulently for their own profit and advantage, had induced O'Niell and Mississippi River Fuel Corp. to execute to Henderson a farm out agreement of a lease which they knew to be highly valuable.

hearing, the statements and averments contained in it must be considered as

Appellant, urging upon us that, since the complaint was dismissed without a correct for the purpose of this review, insists that notwithstanding the fact that O'Niell's complaint in the state court suit alleged that in acting as they did the named employees of plaintiff were not acting for, or in its interest, but were acting in fraud of it, plaintiff having alleged that these allegations were fraudulently made and that the effect of the complaint as a whole would be to reflect upon the business standing, intelligence and competency of plaintiff, it must be held that the district court erred in dismissing the complaint.

Appellee, on its part, concedes: that in Louisiana, unlike in many other states, the privilege attaching to allegations made in a judicial proceeding is not absolute but qualified and to be protected, the allegations must be made with probable cause, Lescale v. Joseph Schwartz Co., 116 La. 293, 40 So. 708; that "Mississippi's" allegations, that O'Niell's charges were not only untrue but were deliberately false and malicious, meets the requirement of pleading around the privilege; and that, though an action for libel, growing out of allegations made in such proceedings, cannot be brought by a party to the first litigation until it is terminated, Wolf v. Royal Ins. Co., 130 La. 679, 58 So. 507, it is held in Lescale's case, supra, that the rule does not apply to one not a party to the original litigation. He nevertheless insists that the dismissal of the action was right and proper because the pleading was not, and could not be held to be libelous per se as to "Mississippi", and was, therefore, not actionable unless special damages were alleged and proven, which was not done in this case. National Refining Co.

v. Benzo Gas Motor Fuel Co., 8 Cir., 20 F.2d 763, 55 A.L.R. 406; Fowler v. Curtis Pub. Co., 86 U.S.App.D.C. 349, 182 F.2d 377; McBride v. Crowell-Collier Pub. Co., 5 Cir., 196 F.2d 187, 188; [2] and that this is especially so where, as here, the plaintiff is a corporation and the words complained of reflect not upon it but upon its officers or members. Gatley on Libel and Slander, 4th Ed., p. 418; Warner Instrument Co. v. Ingersoll, C. C., 157 F. 311; Adirondack Record v. Lawrence, 202 App.Div. 251, 195 N.Y.S. 627, 630; Erick Bowman Remedy Co. v. Jensen Salsbery Laboratories, 8 Cir., 17 F.2d 255, 257, 52 A.L.R. 1187. In this case it was said:

> "A corporation has no reputation in the sense that an individual has. * * * It is only in respect to its credit, property, or business that a corporation can be injured by a false publication. * * * In order for a publication to be libelous per se as against a corporation, it must appear, from the publication itself and without the aid of extrinsic evidence; that the words complained of will directly injure the credit, property or business of the corporation and result in pecuniary loss. * * * Where the words are not actionable per se, it is necessary to plead by way of inducement such extrinsic facts as will render the words actionable and to connect such extrinsic facts by proper colloquium with the particular words."

Planting himself on these principles and these authorities, appellee urges upon us that the complaint utterly fails to state a cause of action, and its dismissal was correct.

We agree that this is so. While in Spotorno v. Fourichon, 40 La.Ann. 423, 4 So. 71, cited by appellant, it is stated:

---

2. Other cases are Newell on Slander and Libel, 4th Ed., Secs. 255 and 257, Odgers on Libel and Slander, p. 226 and 227; Cal-Therm Industries v. Dun & Bradstreet, D.C., 75 F.Supp. 541; Maas v. National Casualty Co., 4 Cir., 97 F.2d 247; and Shaw Cleaners & Dyers v. Des-Moines Dress Club, 215 Iowa 1130, 245 N.W. 231, 86 A.L.R. 839.

"Our courts are not bound by the technical distinctions of the common law as to words actionable per se and not actionable per se, * * * ", later Louisiana cases draw and enforce the distinction, Tuyes v. Chambers, 144 La. 723, 81 So. 265; Dunn v. Bruat, 155 La. 376, 377, 99 So. 296; Santana v. Item Co., 192 La. 819, 830, 189 So. 422. Nowhere in the pleading, of which plaintiff complains, is a single word uttered in disparagement or condemnation of plaintiff. The charges, at which it takes umbrage, are simply charges made against employees, which, if true, would entitle plaintiff in the state court suit to relief. Moreover, the complaint in that suit specifically alleges that the corporation "Mississippi", as distinguished from its three employees charged, was not a party to the fraud but was itself deceived thereby.

We think it plain that no cause of action for libel in Louisiana or elsewhere is stated. Golden North Airways, Inc., v. Tanana Pub. Co., Inc., 9 Cir., 218 F.2d 612. The judgment dismissing the complaint was right. It is affirmed.

Affirmed.

RIVES, Circuit Judge (specially concurring).

The express averment that the corporation was itself deceived by its employees did not, in my opinion, preclude proof that the complaint was intended to and did damage the corporation. Brutus was not saved by the assertion that "Brutus is an honorable man."

However, if actionable by the corporation, the alleged libel is actionable only per quod. There is no presumption that it caused injury to the corporation, and the motion to dismiss was properly sustained because no special damages were alleged.[1] I would limit my concurrence to the failure of the complaint to allege special damages.

---

[1]. Probably no special damages had been suffered prior to the institution of this suit just twenty-four days after the filing of the alleged libelous complaint.