REGAN, Judge.
The plaintiffs, Mr. and Mrs. Albert C. Durr, instituted this suit against the defendant, Mrs. Anna Smith,[1] the mother of Alfred Tortorich, an unemancipated minor, endeavoring to recover, on behalf of Mrs. Durr, $4,908 for personal injuries, and on behalf of Albert Durr-the sum,of $92, representing medical expenses and loss of earnings of his wife, all of which damages were incurred as a result of an unprovoked assault and battery committed by Alfred Tortorich upon. Mrs. Durr, in her yard, in the evening of May 18, 1954.
The defendant answered and admitted the occurrence of the affray, but insisted that it was provoked by the plaintiffs and that her son acted in self-defense. She then reconvened asserting a claim for the sum of $5,010 as damages for the slander of her son by the plaintiffs, whom she insisted had uttered an invective epithet which deleteriously reflected upon the validity of the parentage of her son.
. From a judgment in favor of Albert and Mrs. Durr awarding ■ them respectively the sums of $31.50 and $750, the defendant has prosecuted this appeal. The judgment fails to reveal the court’s disposition of the reconventional demand. Obviously this was simply an act of inadvertent omission since it is apparent from the tenor of the record and the judgment that the court intended to dismiss the reconventional demand.
.The record reveals that Mrs. Durr, on the day that the assault and battery was committed upon her, was approximately forty-three years of age, of medium ■weight and.height and that Alfred Tortorich was sixteen years of age, five feet seven inches tall and weighed one hundred and thirty-five pounds.
Mrs. Durr and her husband resided in 3214 Jefferson Highway, which was used both as their, home and a gift shop.
*149 On May 18, 1954, at. 6:45 P. M., Mrs. Durr related that she was in her front yard watering potted plants when she was surprised by the presence of Tortorich standing on the sidewalk “staring” at her; simultaneously she pointed the hose in his direction and asked “What are you looking at?” No response was forthcoming but he. then menacingly, entered her yard whereupon she sprayed him with the hose. He then felled her with a punch. When she arose a scuffle ensued and he again felled her with another blow. While she was lying prone he pounced upon her and punched her face innumerable times. Her screams of anguish finally attracted the attention of both her husband and John Linn, a customer. Her husband struck Tortorich several times during the course of his and Linn’s endeavor to pull Tortorich away from Mrs. Durr. As a result of the. beating Mrs. Durr was forced, shortly thereafter, to seek medical attention from the Foundation Hospital. Albert Durr and Linn corroborated the foregoing testimony in all of its essential aspects.
Alfred Tortorich, in relating his version thereof, asserted that as he walked past the Durr residence, Mrs. Durr was watering the potted plants • and he “happened to glance over at her.” He then more pertinently' 'related:
“Before I knew it I felt a couple of drops of water hit me, so then I turned around and looked at her. She said, I would like to wet you all up. * ‘ * * I looked at her and said, if you want to wet me go right ahead. I didn’t think she’d be foolish enough to do it. She then came up to me and threw the hose in my face and ripped my shirt almost off my back. Well, then, I struck at her and she fell to the ground. * * * I hit her a few times- then she called her husband. Mr. Durr * * * punched me back of the head and cursed me. * * * She got up and threw a beer bottle at me, and cursed me. I just left and went home.”
As ¡paradoxically as it may appear, Linn likewise confirmed Tortorich’s version of the 'affray.
The principal question posed for our consideration by virtue of the foregoing revelation is one of fact and that is whether Tortorich committed an unprovoked assault and battery upon Mrs. Durr?
The trial judge expressed the opinion that while some provocation for the assault and battery existed it was not sufficient to justify the' attack by Tortorich upon Mrs. Durr, and our review of the record reflects that it contains an abundance of proof revealing that the trial judge’s factual and legal conclusions were justified.
The reconventional demand is predicated ttpon the contention that both Mr. and Mrs. Durr uttered an invective epithet during the affray which deleteriously reflected upon the validity of Tortorich’s parentage and -that, therefore, he was slandered. It is our opinion that this action is not well founded. The jurisprudence is well settled to the effect that while epithets which fall in that category may be “abusive and disgusting” they- do not constitute actionable slander. Dunn v. Bruat, 1924, 155 La. 376, 99 So. 296.
The trial court rendered a judgment in favor of Albert and Mrs. Durr Awarding them 'respectively the sums of $31.50 for medical 'expenses incurred and $750 as damag-es. We find that these awards are adequately supported by the evidence of rec'ord. Mrs. Durr was taken from the scene of the affray to the Foundation Hospital where she was examined, treated and X-rayed. She returned home the same evening and was confined to her bed for two days and to her home for approximately three weeks because she.was too embarrassed on account of her facial appearance to be seen publicly. She ex *150 perienced considerable pain as a result of the beating and a picture taken of Mrs. Durr by a commercial photographer three days after the altercation emphasizes the severity of the beating, that is, it reveals the blackening of both eyes, the bridge of her nose, and the general swollen condition of her face.
For the reasons assigned the judgment appealed from is affirmed.
Affirmed.

. Mrs. Anna Smith was married twice. She was the widow by first marriage of Joseph Tortorich, Sr. and is now the wife of Junior ft. Ridge.