HARDY, Judge.
This suit was instituted by plaintiff for the recovery of damages allegedly resulting from slanderous remarks made by one J. L. Rugg, an employee of Ouachita Coca Cola Bottling Company, while engaged in the duties of his employment, both of said parties being made defendant. An exception of no cause of action was interposed on behalf of defendants and subsequently plaintiff filed an amended petition. After consideration of the pleadings judgment was rendered sustaining defendant’s exception and dismissing plaintiff’s suit at her cost, from which judgment she has prosecuted this appeal.
As stated by counsel for defendants, the exception is predicated upon the simple proposition that the language used by the employee, Rugg, as charged in plaintiff’s petition is not actionable.
The material allegations of plaintiff’s petition and supplemental petition represent that at the time of the incident complained of she was engaged in the operation of a newsstand in the lobby of the Alvis Hotel in the City of Monroe, and, in connection therewith, she sold Coca Colas, using the medium of a vending machine rented from the defendant company; that the defendant *863 company was accustomed to deliver Coca Colas in boxes on delivery days and remove empty boxes in a corresponding number; that the alleged slander occurred on or about July 22, 1955 on the occasion of a regular replacement of Coca Colas for vending purposes.
The actual occurrence of the alleged slander and the details thereof were alleged in plaintiff’s petition as follows:
“9.
“That as the delivery employees were about to leave after making delivery on that date, your petitioner noticed that she was missing an empty box and she politely inquired concerning the missing box to which the Defendant Rugg replied in a burst of explosive anger and in a loud and menacing voice with the following remarks: ‘You’ve got that case back there in the corner’; T can see it from here.’
“10.
“That your petitioner tried to explain that there was no empty box in the corner of the newstand and even offered to show the Defendant Rugg that there was none but that the Defendant Rugg only replied as follows: T don’t have to go back there; you know you’ve got that box back there;’ ‘You fool with me and I’ll take that box out of here.’
“11.
“That all of this took place in the presence of customers, Alvis Hotel employees, other Coca Cola employees and the public in general.”
The above allegations of plaintiff’s original petition were amplified in her amended petition by the following allegations:
“2.
“That, in further amplyfying paragraph 9, when your petitioner inquired concerning a missing box, it was to politely inquire if the defendant had by mistake carried away too many empty boxes in which case it would be required to return the box, which the defendant had done before and had returned the extra box it had carried away. And that when the defendant Rugg told your petitioner, ‘You’ve got that case back there in the corner,’ it was to the effect that your petitioner did have the case back there and had, meanwhile, been attempting to have the defendant give her an extra box or case by misrepresentation or by dishonest means.
“3.
“That, in further amplyfying paragraph 10, the defendant Rugg repeated not once but many times that your petitioner had the missing box behind her stand even though your petitioner denied, offered to show that she had no box behind her stand and, in fact, had none. That the defendant was therefore not only calling your petitioner a liar but, in effect, accused her of dishonesty in the operation of her business, her means of livelihood, in the presence of the public.”
Relying upon the case of Derivas v. Gaspard, 2 Cir., 1925, 1 La.App. 420 counsel for plaintiff-appellant urges that the three essential elements supporting a cause of action in slander, namely a false accusation, malice and resultant damages, have all been properly alleged by plaintiff’s petition and amended petition in the instant case. It is further urged that a false accusation of dishonesty constitutes implied malice and is injurious per se; Edwards v. Derrick, 193 La. 331, 190 So. 571.
Conceding the principles contended, and without observing any necessity for entering into the controversy concerning common and civil law rules as to the classification of words which are actionable per se (cf. XXIII T.L.R., 290; 16 T.L.R. 492; 4 L.L.R. 430), we confess we are unable to discern any language express or implied as alleged in plaintiff’s petitions, which would constitute slander. Plaintiff’s narrative of *864 the incident cannot possibly be regarded as justifying any interpretation of the remarks of defendant, Rugg, as imputing actionable charges of theft or prevarication. At most, the incident represents one of those stupid, unnecessary and ill-tempered arguments which, if they should be held as constituting slander within legal contemplation, would overburden the courts with innumerable actions of a similar nature. In this connection it is pertinent to note that according to plaintiff’s own representations she initiated the argument by charging defendant, Rugg, with failure to replace a missing box.
The facts set forth in the case of Edwards v. Derrick, supra, were of an exceedingly serious nature deriving from an outright accusation of dishonesty, which element is not present in the instant case.
Mere words, even constituting epithets or disgusting and senseless abuse, do not fall within the legal definition of slander ; Durr v. Smith, La.App., 90 So.2d 147; Dunn v. Bruat, 155 La. 376, 99 So. 296. Also see T.L.R. 290, citing cases from other jurisdictions and the principles enunciated in the Restatement of Torts, Section 31.
For the reasons assigned the judgment appealed from is affirmed at appellant’s cost.'