## Ohio & M. Ry. Co. *v.* Press Pub. Co.

*(Circuit Court, S. D. New York. November 17, 1891.)*

1. Libel—What is Actionable—Railroad Companies—Negligence.
     Language which charges a railroad company with such incapacity or neglect in the conduct of its business that belief in its truth would prevent persons from employing it as a common carrier is actionable without proof of special damage.

2. Same—Action—Pleading—Frivolous Demurrer.
     Where the complaint in an action by a railroad company for libel alleges that defendant maliciously published the false statement that more than half the ties in plaintiff's road were rotten, and that it was dangerous to run trains fast thereon, a demurrer thereto as failing to state a cause of action is frivolous.

At Law. On motion for judgment on demurrer.

Action by the Ohio & Mississippi Railway Company against the Press Publishing Company for libel. Defendant demurred to the complaint, on the ground that "it appears on the face of the complaint that the said complaint does not state facts sufficient to constitute a cause of action." Plaintiff moved for judgment on the demurrer as frivolous.

*Butler, Stillman & Hubbard*, for plaintiff.

*Lowrey, Stone & Auerbach*, for defendant.

Lacombe, Circuit Judge. The demurrant has wholly mistaken the cause of action set forth in the complaint. Defendant's publication is not declared upon as a "libel on a thing." A corporation, though an artificial person, may maintain an action for libel; certainly for language concerning it in the trade or occupation which it carries on. *Insurance Co.* v. *Perrine*, 23 N. J. Law, 402; *Mutual Reserve Fund Life Ass'n* v. *Spectator Co.*, 50 N. Y. Super. Ct. 460; *Omnibus Co.* v. *Hawkins*, 4 Hurl. & N. 87, 146; *Bank* v. *Thompson*, 18 Abb. Pr. 413. It is elementary law that every legal occupation from which pecuniary benefit may be derived creates such special susceptibility to injury by language charging unfitness or improper conduct of such occupation that such language is actionable, without proof of special damage.

The complaint avers that plaintiff is a railway corporation, duly organized and existing under the laws of the states of Ohio, Indiana, and Illinois, and a common carrier of goods and passengers, and that it maintains and operates certain lines of railroad. The occupation of the plaintiff, therefore, is the proper, safe, and business-like maintenance and operation of its railroad, so that it may reasonably discharge its

duties as such common carrier of goods and passengers. Language which charges the plaintiff with such incapacity or neglect in the conduct of its business that belief in the truth of the charges would, as a natural and proximate consequence, induce shippers of goods and passengers to refrain from employing the plaintiff as such common carrier, is actionable without proof of special damage. The particular language complained of here is the statement in defendant's newspaper that "over one-half of the ties in the road-bed [of the plaintiff] are rotten, and it is dangerous to run trains very fast." Such a publication is manifestly within the principle above laid down; and, as the complaint further avers that the statement was "false, * * * malicious, and made for the purpose of injuring the credit and business of the plaintiff," a cause of action is set forth in the complaint.

Motion for judgment on the demurrer as frivolous is granted.