NONPAREIL CORK MFG. CO. v. KEASBEY & MATTISON CO. et al.

(Circuit Court, E. D. Pennsylvania.   May 15, 1901.)

No. 37, April, 1899.

1. LIBEL—GROUNDS OF ACTION—CONSTRUCTION OF LANGUAGE USED.

Defendants, in a letter to a third person, stated, "You recommend something which the experience of all practical men demonstrates is a fraud,"—referring to an article made and sold by plaintiff. *Held*, that such language did not justify an innuendo attributing to it a personal application to plaintiff, and as charging that plaintiff was guilty of fraudulent and dishonest methods in its business, especially where it fairly appeared from subsequent portions of the letter that the word "fraud," as applied to the article spoken of, was used as meaning that it was short-lived and useless for the purpose for which it was intended.

2. SAME—DISPARAGEMENT OF GOODS.

Statements made by a defendant in letters or circulars which merely disparage, and express an unfavorable opinion of, the goods of plaintiff, a business rival, will not support an action for libel, or to recover damages for injury to plaintiff's business.

Action for Libel.   On demurrer to plaintiff's statement

J. S. Levin and Samuel B. Huey, for plaintiff.
Henry La Barre Jayne, for defendant.

DALLAS, Circuit Judge. It is not necessary to separately consider the 10 causes which have been assigned in support of the demurrer to the plaintiff's statement. That statement does not, in my opinion, set forth a cause of action, and therefore the demurrer must be sustained. The matters which are complained of as false and defamatory are specified as follows:

(1) It is alleged that in a letter written by the defendants to Edward Atkinson these words were used, "You recommend something which the experience of all practical men demonstrates is a fraud," and that in the same letter there was set forth an alleged statement by a certain customer of the plaintiff relative to the character of the "covering" manufactured by the plaintiff, in these words, to wit:

"That it is a short-lived affair; that it warps, twists, chars, and becomes generally disintegrated, useless, and dangerous as a non heat conducting cover to be applied to steam pipes."

The averment, by way of innuendo, with respect to this matter, is:

"The said defendants meaning and intending thereby that the plaintiff, in the conduct of its business, was guilty of fraudulent, corrupt, and dishonest methods, and that the covering so manufactured and sold by the plaintiff was inferior in quality and character to the other coverings, and unsuited for the purpose for which it was sold, and that the use thereof was dangerous, and that the plaintiff, knowing the alleged inferior and dangerous quality thereof, procured the sale of the same by misrepresentations and fraudulent practices."

(2) It is alleged that the defendants published a circular letter. containing the following:

"Cork has been recently exploited in various cities of the United States as a steam pipe and boiler covering. When it was first presented for our consideration, we expressed the opinion that, it being organic, it would carbonize and burn, as hair felt does; that under the most favorable conditions it carried with it an element of danger; and that it could never become a permanent standard material for the covering of heated surfaces. We refer you herein, without further comment, to localities and people that have had practical experience with cork covering, and, from the nature of the reports we have concerning the same, feel warranted in continuing to believe that our opinion, as above stated, as to cork's value for covering steam pipes and boilers, was correct."

As to this matter the innuendo is:

"Meaning and intending thereby that the covering so manufactured and sold by the plaintiff was inferior in quality and character to other coverings, and especially to the coverings manufactured and sold by the defendants, and that it was unsuited for the purpose for which it was sold, and that the use thereof was dangerous."

It will be observed that it is only the matter contained in the letter to Atkinson which is averred to be libelous of the plaintiff personally. This, and this alone, it is claimed, touches its character or reputation. But, although the innuendo attributes to it a personal application, I do not think it is capable of such interpretation. In the absence of the word "fraud," it would be impossible to construe the language of the Atkinson letter to be in any sense defamatory of the plaintiff; and it seems to be clear that that word, when read in the light of the context, could not reasonably be so construed. It relates, not to the plaintiff, but to the "covering," and the statement is, not that it is a fraud, but that the experience of practical men demonstrated it to be so; and, upon reading further, we find precisely what is meant by this, for the statement from a customer of the plaintiff which is quoted is that it (the covering) is a short-lived affair, etc., and thus we have the word "fraud" defined as descriptive of a thing which is short-lived, etc., and this definition accords with the sense in which, as a colloquial corruption, that word is sometimes used. The action is, in other respects, not strictly an action of libel, but a special action on the case for disparaging the plaintiff's goods; and, with reference to this view of it, I deem it necessary only to repeat what was said by Lord Denman in Evans v. Harlow, 5 Q. B. 624:

"A tradesman who offers goods for sale exposes himself to observations of this kind, and it is not by averring them to be false, scandalous, and malicious and defamatory that the plaintiff can found a charge of libel upon them. To decide so would open a very wide door to litigation, and might expose every man who said his goods were better than another's to the risk of an action."

From the whole declaration it plainly appears that what the defendants are charged with is really but the expression of an unfavorable opinion of the goods of its competitor. But such expressions are not uncommon among rivals in trade, and their correctness in each instance is for determination by those whose custom is sought, and not by the courts. Judgment for defendant.