**FOWLER et al. v. CURTIS PUB. CO. et al.**
**Civil Action No. 863—48.**

District Court of the United States for the District of Columbia.

June 7, 1948.

Edmund L. Jones, of Washington, D. C., for defendants, for the motion.

J. Robert Carey, of Washington, D. C., for plaintiffs, opposed.

304

HOLTZOFF, Justice.

This is an action for libel brought by Thomas W. Fowler and Charles B. Howery, against The Curtis Publishing Company, the publisher of a magazine known as "The Saturday Evening Post."

The offending material consists of an article published in "The Saturday Evening Post," entitled "Never Give a Passenger a Break." Its author is joined as a co-defendant. The article is a satire on taxicab drivers in Washington, D. C. It is a caustic, merciless diatribe depicting taxicab drivers in the Nation's Capital as ill-mannered, brazen, and contemptuous of their patrons. Worse than that, it portrays them as dishonest and as cheating their customers when opportunity arises. It indicates that the complicated zone-fare system prevailing in Washington enables them to overcharge strangers to the city with facility. The following is a typical extract from the article:

"Only the natives who make a life study of the zone system know exactly how much is legal. It's easy to tell whether you've got one of those or some poor trusting visitor. For instance, when they point to the Capitol and ask if it's the White House, that automatically doubles the fare. Any guy unpatriotic enough not to know his Capitol should be penalized."

■ The defendants move to dismiss the complaint on the ground that it fails to state a claim upon which relief can be granted. The motion to dismiss is supported by an affidavit and, therefore, will be treated as a motion for a summary judgment.[1]

A jury would have a right to find that the publication complained of is defamatory in character, in that it tends to expose Washington taxicab drivers to contempt and ridicule, and also to cast aspersions on them in their business and occupation. The question to be determined, however, is whether either or both of the plaintiffs may maintain this action.

The plaintiff, Thomas W. Fowler, alleges that he is "the owner and operator of a fleet of taxicabs in the District of Columbia". There is no averment that he, himself, is a taxicab driver. The inference is to the contrary. The alleged defamatory statements, however, are directed solely against taxicab drivers and do not relate to owners of taxicabs.

■ It is well established that only a party concerning whom the defamatory matter is published may maintain an action for libel. A person who is injured by reason of the fact that someone else is libeled, has no right of recovery. Any detriment that he sustains is damnum absque injuria.

Thus, in Security Sales Agency v. A. S. Abell Co., D.C., 205 F. 941, libelous statements were published concerning a trust company, whose bonds were being sold by the plaintiff as an exclusive agent for that purpose. The plaintiff brought suit for libel on the ground that the defamatory publication largely destroyed the market for the bonds and thereby seriously damaged him. Judge Rose of the District Court for the District of Maryland, sustained a demurrer to the declaration holding that no person other than the direct subject of slander or libel may maintain an action for such grievance.

■ The conclusion is irresistible that the plaintiff Fowler has no cause of action, even though he may have been financially injured by the publication. It cannot be said that the publication is concerning him, since it is a reflection on taxicab drivers and not on the owners of taxicabs.

The plaintiff Howery is in a different position. He alleges that he is a driver of a Columbia Taxicab. He sues in his own right and on behalf of fifty-nine other Columbia Taxicab drivers similarly situated. The objectionable article is illustrated, in part, by a photograph of a Columbia Cab.

■ In case of a defamatory publication directed against a class, without in any way identifying any specific individual, no individual member of the group has any redress. The reason for this rule is that ordinarily a defamatory statement relating to a group as a whole, does not necessarily apply to every single member. A minority

---

[1] Rule 12(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, as recently amended.

not intended to be castigated has no legal cause for complaint. The only exception involves cases in which the phraseology of a defamatory publication directed at a small group, is such as to apply to every member of the class without exception.

These principles were well summarized in American Civil Liberties Union v. Kiely, 2 Cir., 40 F.2d 451, 453, as follows:

"It is an old rule of the common law that, where words complained of reflect on a class of persons generally without making it evident that every person of the class is referred to, no member can maintain an action. * * * When, however, the words reflect on every member of a class, each one may have an action, because the charge is made broadly against all."

This rule has been expressly adopted in the District of Columbia. In Service Parking Corp. v. Washington Times Co., 67 App.D.C. 351, 92 F.2d 502, the plaintiff, who was the owner of a downtown parking lot, complained of a defamatory publication concerning downtown parking lot owners in the City of Washington. The Court held that the plaintiff had no cause of action in view of the fact that no action lies in respect to a libel against a class, unless the libelous publication expressly refers to the member of the class who brings suit.

In Latimer v. Chicago Daily News, 330 Ill.App. 295, 71 N.E.2d 553, a newspaper had published a derogatory article concerning a number of lawyers who appeared for various defendants in the so-called "sedition case" in this Court. Suit for libel was brought by a member of that group. The Court reached the conclusion that no action would lie. It held that a derogatory article concerning a group does not form the basis of a right of action on the part of one or more members of the group, unless the defamatory matter can be said with certainty to include every individual member of the class. Similar results have been reached in other cases, Noral v. Hearst Publications, Inc., 40 Cal.App.2d 348, 104 P.2d 860; Louisville Times v. Stivers, 252 Ky. 843, 68 S.W. 2d 411, 97 A.L.R. 277. This doctrine is also approved in Restatment of the law of

Torts, p. 152, which contains the following observations on this point:

"* * * a statement that all lawyers are dishonest or that all ministers are liars is not defamatory of any particular lawyer or minister unless the surrounding circumstances indicate that he was the person intended."

These principles are obviously applicable to the claim of the plaintiff, Charles B. Howery, who states that he is one of fifty-nine Columbia taxicab drivers. Even assuming that the article is defamatory of Columbia taxicab drivers as a group, rather than generally of all taxicab drivers plying their trade in the City of Washington, no individual Columbia taxicab driver has a cause of action for libel.

In view of the foregoing considerations, neither of the plaintiffs in this action may maintain this suit.

Accordingly, the motion of defendants for summary judgment is granted, and judgment will be rendered dismissing the complaint.