**FOWLER et al. v. CURTIS PUB-LISHING CO. et al.**

No. 10001.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 10, 1949.

Decided April 24, 1950.

Mr. J. Robert Carey, Washington, D. C., with whom Messrs. Michael F. Keogh and Richard H. Love, Washington, D. C., were on the brief, for appellants.

Mr. Edmund L. Jones, Washington, D. C., with whom Messrs. Howard Boyd and George D. Horning, Jr., Washington, D. C., were on the brief, for appellees.

Before THOMAS F. McALLISTER, (sitting by designation), CLARK and WILBUR K. MILLER, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

Thomas W. Fowler, the owner and operator of a fleet of taxicabs in the District of Columbia, and Charles B. Howery, in his own behalf and in behalf of fifty-nine other drivers of Fowler's "Columbia" cabs, brought an action for libel against the Curtis Publishing Company, publisher of "The Saturday Evening Post," and James J. Brennan, the author of an article which appeared in that magazine. They appeal from an order of the United States

District Court which granted summary judgment against them and dismissed the complaint.

Appellants maintain the District Court erred in deciding they had not stated a cause of action for libel, and claim further error by saying the court

" * * * failed to recognize the existence of such a tort as disparagement, as distinct from defamation and described the action filed as an action for libel. Appellants contend that even though they are not personally named, that (sic) they have an action for disparagement and by reason of the reprehensible conduct attributed to them by this reflection on their business, the disparagement also amounts to personal defamation."

The article attacked as libelous was well described in the opinion of District Judge Holtzoff :[1]

"The offending material consists of an article published in 'The Saturday Evening Post,' entitled 'Never Give a Passenger a Break.' Its author is joined as a co-defendant. The article is a satire on taxicab drivers in Washington, D. C. It is a caustic, merciless diatribe depicting taxicab drivers in the Nation's Capital as ill-mannered, brazen, and contemptuous of their patrons. Worse than that, it portrays them as dishonest and as cheating their customers when opportunity arises. It indicates that the complicated zone-fare system prevailing in Washington enables them to overcharge strangers to the city with facility. The following is a typical extract from the article:

" 'Only the natives who make a life study of the zone system know exactly how much is legal. It's easy to tell whether you've got one of those or some poor trusting visitor. For instance, when they point to the Capitol and ask if it's the White House, that automatically doubles the fare. Any guy unpatriotic enough not to know his Capitol should be penalized.' "

The article was illustrated, in part, by a photograph of a Columbia cab.

Judge Holtzoff said, in holding Fowler had no cause of action even though he may have been financially injured by the publication, "It cannot be said that the publication is concerning him, since it is a reflection on taxicab drivers and not on the owners of taxicabs." [2] The district judge also held Howery had not stated a cause of action, relying on the rule that in case of a defamatory publication directed against a class, without in any way identifying any specific individual, no individual member of the group has any redress. He said, "Even assuming that the article is defamatory of Columbia taxicab drivers as a group, rather than generally of all taxicab drivers plying their trade in the City of Washington, no individual Columbia taxicab driver has a cause of action for libel." [3]

We agree with Judge Holtzoff's conclusion that neither plaintiff was libeled, and adopt his opinion with respect thereto. But appellants assert they stated a cause of action for disparagement, thus presenting an additional question with which the trial court's opinion does not deal. The answer to the question depends upon whether the appellants' complaint adequately alleges special damage, the averment of which is essential in stating a cause of action for disparagement.[4] National Refining Co. v. Benzo Gas Motor Fuel Co., 8 Cir., 1927, 20 F.2d 763; Erick Bowman Remedy Co. v. Jensen Salsbery Laboratories, 8 Cir., 1926, 17 F.2d 255, 52 A.L.R. 1187; Hayward Farms Co. v. Un-

---

1. Fowler v. Curtis Pub. Co., D.C.D.C. 1948, 78 F.Supp. 303, 304.
2. Id., 78 F.Supp. at page 304.
3. Id., 78 F.Supp. at page 305.
4. Appellants cite Marino v. di Marco, 1913, 41 App.D.C. 76, 48 L.R.A.,N.S., 1214, Ann.Cas.1914D, 1149; Ohio & M. Ry. Co. v. Press Pub. Co., C.C.S.D.N.Y. 1891, 48 F. 206; and Larsen v. Brooklyn Daily Eagle, which is cited at 1901, 108

F. 721, but which is actually at 1914, 165 App.Div. 4, 150 N.Y.S. 464, affirmed, 1915, 214 N.Y. 713, 108 N.E. 1098, to the effect that disparagement of property is libelous per se and actionable without proof of special damage. Examination of the cases reveals that in each the derogatory publication not only charged disparagement but imputed to the plaintiff such reprehensible conduct as to make it libelous per se.

ion Sav. Bank & Trust Co., 1935, 194 Minn. 473, 260 N.W. 868; Shaw Cleaners & Dyers, Inc., v. Des Moines Dress Club, 1932, 215 Iowa 1130, 245 N.W. 231, 86 A.L. R. 839; Hanson v. Hall Mfg. Co., 1922, 194 Iowa 1213, 190 N.W. 967; Dent v. Balch, 1925, 213 Ala. 311, 104 So. 651; Dooling v. Budget Pub. Co., 1887, 144 Mass. 258, 10 N.E. 809, 59 Am.Rep. 83; Prosser, Torts 1041-1044; Newell, Slander and Libel, 196; Smith, Disparagement of Property, 13 Col.L.Rev. 13, 121 (1913).

The portions of the complaint which plead damages are here quoted:

"4. As a result of the malicious publication of said libelous article and photographs the business of the plaintiff Thomas W. Fowler, has been subjected to an unwarranted and undesired publicity and the good will which the plaintiff has heretofore enjoyed has been destroyed and said publication has caused many of the persons who have been renting taxicabs from the plaintiff to refrain from renting 'Columbia Cabs', and plaintiff Thomas W. Fowler, in the operation of his business has been otherwise seriously injured, his credit has been destroyed, and his standing in the taxicab industry has been damaged and impaired; all to his damage in the sum of One Hundred Thousand ($100,000.00) Dollars.

"5. As a result of the malicious publication of said libelous article and photographs as aforesaid, the plaintiff Charles B. Howery and fifty-nine other Columbia Cab drivers have been injured in their business and have been brought into public scandal and disgrace and held up to public ridicule, hatred and contempt and have lost the confidence of the public; all to the damage of said plaintiffs in the sum of Three Hundred Thousand ($300,000.00) Dollars."

Do the foregoing paragraphs adequately allege the special damage which must be averred to state a case for disparagement of property or business? We think not. Rule 9(g) of the Federal Rules of Civil Procedure[5] provides:

"When items of special damage are claimed, they shall be specifically stated."

Moore's annotation to the Rule contains the following:

"* * * Items of general damage need not be pleaded with particularity, but items of special damage must be specifically stated * * *.

"* * * if words are not slanderous per se no cause of action can be stated without alleging special damage; * *. Where special damage must be alleged before a cause of action can be stated the courts require a good deal of particularity, especially in the slander and libel cases: the complaint must set forth precisely *in what way* the special damage resulted from the spoken or written words; it is not sufficient to allege generally that the plaintiff has suffered special damages, or that the party has been put to great costs and expenses." 2 Moore's Federal Practice 1921-1923 (1948).

The allegations here are much too general to meet the Rule's requirement of particularity. In Erick Bowman Remedy Co. v. Jensen Salsbery Laboratories, 17 F.2d at page 261, 52 A.L.R. 1187, the Eighth Circuit Court of Appeals said:

"It was therefore necessary for the plaintiff to allege either the loss of particular customers by name, or a general diminution in its business, and extrinsic facts showing that such special damages were the natural and direct result of the false publication. If the plaintiff desired to predicate its right to recover damages upon general loss of custom, it should have alleged facts showing an established business, the amount of sales for a substantial period preceding the publication, the amount of sales subsequent to the publication, facts showing that such loss in sales were the natural and probable result of such publication, and facts showing that plaintiff could not allege the names of particular customers who withdrew or withheld their custom."

We hold that neither appellant sufficiently pleaded special damage. Consequently, a cause of action for disparagement was not stated.

Affirmed.

5. 28 U.S.C.A.