WILLIAMS et al. v. WRIGHT.

No. 35658. June 2, 1953.

*258 P. 2d 162.*

**614**

Dick Hansen, Oklahoma City, for plaintiffs in error.

Ted Foster and Leonard C. Bowen, Oklahoma City, for defendant in error.

O'NEAL, J. This action was instituted by a partnership composed of three lawyers engaged in the practice of law at Oklahoma City, Oklahoma, to recover a balance due under a contract of employment entered into on the 29th day of November, 1948, with Hasbrouck S. Wright, administrator of the estate of L. L. (Roy) Conner, deceased. From the judgment in favor of plaintiffs for an amount less than sued for, plaintiffs appeal asserting that the trial court erred in its construction of the contract here involved.

After the empaneling of a jury in the trial court that jury was dismissed by agreement of the parties. The court thereon construed the contract and entered a judgment for the plaintiffs in the sum of $492.82.

Plaintiffs' sole contention is that under the terms of the contract they were entitled to recover a judgment in the sum of $2,271.21. The contract involved reads:

"This Contract and Agreement made and entered into this 29th day of November, 1948, by and between Hasbrouck S. Wright, of Harrisburg, Pennsylvania, administrator of the Estate of L. L. (Roy) Conner, deceased, first party, and Williams, Ford & Crandall, a firm of lawyers of Oklahoma City, Oklahoma, composed of Leo J. Williams, Roy F. Ford and Charles D. Crandall, second parties,

"Witnesseth:

"That, whereas, first party has heretofore caused to be filed and there is now pending in the District Court of Tulsa County, Oklahoma, a cause of action styled 'Hasbrouck S. Wright, Administrator of the estate of L. L. (Roy) Conner, Dec'd., Plaintiff v. Public Service Company of Oklahoma, a corporation, W. R. Grimshaw Company, a co-partnership composed of W. R. Grimshaw, Sr., W. R. Grimshaw, Jr., Harry D. Grimshaw and Bertha Grimshaw, as Individuals, Defendants, No. 76,893; for $80,840.00 actual damages and $50,000.00 punitive or exemplary damages for the wrongful death of L. L. (Roy) Conner, deceased, and the attorneys who heretofore represented first party as plaintiff, without the knowledge, consent, approval or authority of first party attempted to dismiss said suit with prejudice as to one of said defendants and attempted to settle said suit with two of said defendants, and first party has refused to accept, approve or be bound by such attempted dismissal and settlement and desires to employ second parties as his attorneys to take the necessary steps to have all proceedings relating to and resulting in the aforesaid attempted dismissal and settlement vacated and set aside and to thereafter prosecute said suit to final judgment in the District Court of

Tulsa County unless settlement thereof satisfactory to all parties hereto can be made prior to the trial of said cause, the second parties are willing to accept and undertake said employment under the terms and conditions hereinafter set out:

"Now, therefore, it is contracted and agreed by and between the parties hereto that second parties shall forthwith commence and thereafter diligently continue their efforts to vacate all proceedings relating to and resulting in the aforesaid unauthorized attempted dismissal and settlement of said cause of action and to thereafter bring said case to trial at the earliest possible date and try the same in the District Court of Tulsa County.

"It is agreed that second parties' employment shall include their services in prosecuting or defending appeals that may be taken from the judgment or order of the District Court of Tulsa County refusing to vacate or vacating all proceedings relating to and resulting in a judgment rendered or that may be rendered pursuant to the aforesaid unauthorized dismissal and settlement, and without compensation in addition to that provided herein.

"*It is agreed that upon execution by all parties to this agreement, first party shall pay to the second parties the sum of six hundred twenty-five ($625.00) dollars cash, receipt whereof is acknowledged by second parties hereto, and upon conclusion of the trial of said cause of action in the district court of Tulsa county (after appeal, if taken, to the Supreme Court) or upon settlement, approved in writing by first party hereto, before trial of said cause in the district court of Tulsa county, first party shall pay to second parties an additional sum of Six Hundred Twenty-five ($625.00) dollars.*

"*In addition to the aforesaid sums of $625.00 paid and to be paid, first party agrees to pay to second parties fifty (50%) percentum of all funds in excess of Twenty-two Thousand Five Hundred ($22,500.00) dollars received by settlement. Approved in writing by first party, before or after trial of said cause in the District Court of Tulsa County, such additional percentage payment to be made at the time the funds* derived from such settlement are paid to first party.*

"It is expressly agreed that neither of the parties hereto has authority to, nor shall attempt to settle the aforesaid causes of action with the defendants or any of them, without the written consent of the other party or without such other party being personally present at, participating in, and agreeing to such settlement; that second parties shall fully inform O. O. Owens, of Tulsa, Oklahoma, first party's local agent, of all negotiations for a settlement of said causes of action, that all proposals for settlement shall be submitted to said O. O. Owens for communication by him to first party, and it is also expressly agreed that all such proposals made or received by second parties, looking to a settlement of said causes of action, must be approved and first party's acceptance thereof recommended by said O. O. Owens.

"In addition to the foregoing compensation provided to be paid second parties, it is agreed that second parties shall defray their own personal and traveling expenses incurred in the State of Oklahoma; that all court costs, costs of depositions, fees for stenographer's services, printing of briefs, transcripts or casemades for appeal, etc., and other expenses directly relating to the said case or the prosecution thereof and also the traveling expense of second parties outside the state of Oklahoma shall be paid by first party upon submission by second parties of proper itemized statements and receipted bills therefor.

"This contract executed in duplicate, each of which shall be an original, one to be retained by either of the parties hereto.

"Witness our hands the day and year above set forth.

"/s/ Hasbrouck S. Wright

"Hasbrouck S. Wright, Administrator of the Estate of L. L. (Roy) Conner, Deceased, party of the First Part

"Williams, Ford & Crandall

"By /s/ Roy F. Ford

"Parties of the Second Part."

Counsel for plaintiffs and defendant assert that the contract is not ambiguous; that it clearly expressed the intent of the contracting parties, but they part company upon the legal construction to be applied.

Our conclusion is that the contract has not ambiguously, indefinitely, equivocally or indistinctly expressed the intent of the parties. Thus we look to its language to determine the correctness of the trial court's judgment.

In the case of Terrill v. Laney, 200 Okla. 308, 193 P. 2d 296, we said:

"The language used in a contract is to govern its interpretation, and, if such language is clearly explicit and does not involve uncertainty, the words used are to be understood in their ordinary and proper sense, and, when the language is plain and unambiguous, extrinsic evidence as to its meaning is not admissible."

In the interpretation of the contract we are governed by the mandate of our statute which provides in 15 O.S. 1951 §§152, 154, 157 and 160, as follows:

"§ 152. A contract must be so interpreted as to give effect to the mutual intention of the parties, as it existed at the time of contracting, so far as the same is ascertainable and lawful.

"§ 154. The language of a contract is to govern its intrepretation, if the language is clear and explicit, and does not involve an absurdity.

"§ 157. The whole of a contract is to be taken together, so as to give effect to every part, if reasonably practicable, each clause helping to interpret the others.

"§ 160. The words of a contract are to be understood in their ordinary and popular sense, rather than according to their strict legal meaning, unless used by the parties in a technical sense, or unless a special meaning is given to them by usage, in which case the latter must be followed."

Applying this norm and standard to the writing here drawn in dispute, we find from the pleadings and the statements of counsel in the record, and from the reading of the contract itself, these facts: That Hasbrouck S. Wright, administrator of the estate of L. L. (Roy) Conner, deceased, prior to plaintiffs' employment, had filed an action in the district court of Tulsa county to recover damages for the alleged wrongful death of L. L. (Roy) Conner, deceased. It appears that the administrator's counsel compromised, settled and caused that action to be dismissed upon the payment to the administrator's counsel of the sum of $22,500. When the administrator was advised of this compromise settlement, and the dismissal of the action, he contended that the settlement was made without his knowledge or consent and that the dismissal of this case was without authority. He thereupon employed the plaintiffs' law firm to have said compromise settlement and the judgment rendered thereon vacated. Under their contract of employment, dated November 29, 1948, supra, the administrator paid plaintiffs a cash fee of $625 for legal services in moving to vacate that judgment. This contract obligated the administrator to pay plaintiffs an additional sum of $625 upon the vacating of the judgment. Plaintiffs were successful in vacating and having that judgment set aside and as provided by the contract received the additional payment of $625.

Thereafter, plaintiffs filed an action in the district court of Tulsa county, against the Public Service Company of Oklahoma, and others, to recover the sum of $80,840 actual damages and $50,000 punitive or exemplary damages for the wrongful death of L. L. (Roy) Conner. In this suit the administrator recovered a judgment in the sum of $43,000 against said named defendants. This case, upon appeal, National Valve & Mfg. Co. v. Wright, Adm'r, 205 Okla. 565, 240 P. 2d 769, was affirmed. In payment of the judgment the defendants in that case caused to be issued to plaintiffs, as counsel for the administrator, two checks in the aggregate sum of $49,792.43. The excess of the judg-

ment over and above $43,000 represents the accrued interest on the judgment. Counsel for the administrator forwarded these checks to the administrator at Harrisburg, Pa., and at the same time drew their draft upon him for the sum of $14,271.21 representing the amount of the fee claimed due them. The draft was not paid as the administrator contended it was in excess of the amount due plaintiffs under their contract, supra. By subsequent agreement of the parties, the check was cashed and a portion of the fund paid to the administrator and the sum of $11,500 was paid upon plaintiffs' fee. That payment represented 50% of one-half of the judgment and interest in excess of the sum of $22,500.

As we construe the contract we hold that plaintiffs were not entitled to participate whatsoever in the $22,500 which had been previously procured through the unauthorized compromise and settlement in the original case.

As plaintiffs construe the contract they claim that they are entitled to participate in 50% of the accrued interest on the $22,500 item, but in this assumption we think they are in error as the contract specifically provides that the administrator agrees to pay his attorneys 50% of all sums in excess of $22,500 received by settlement provided in writing by the administrator. Plaintiffs, having no interest in the item of $22,500, were not entitled to recover one-half of the accrued interest on said item.

As we view the contract the construction placed upon it by the trial court was correct.

Affirmed.

JOHNSON, V.C.J., and CORN, DAVISON, WILLIAMS, and BLACKBIRD, JJ., concur. HALLEY, C.J., dissents.