**RISS & COMPANY, Inc., Plaintiff,**
**v.**
**ASSOCIATION OF AMERICAN RAILROADS et al., Defendants.**

Civ. A. No. 4056–54.

United States District Court
District of Columbia.

Aug. 8, 1960.

A. Alvis Layne, Jr., Robert L. Wright, Lester M. Bridgeman, Morton A. Brody, Washington, D. C., for plaintiff.

William E. Miller, Stephen Ailes, Richard A. Whiting, Gregory S. Prince, Philip F. Welsh, Washington, D. C., for Association of American Railroads (1).

Stuart S. Ball, Richard J. Flynn, J. H. Hays, Amos M. Mathews, J. W. Nisbet, Chicago, Ill., Lawrence Cake, John Guandolo, Washington, D. C., for Association of Western Railways (2).

Samuel E. Gates, New York City, Chisman Hanes, James L. Kaler, Washington, D. C., for Traffic Executive Ass'n—Eastern Railroads (3).

C. Brewster Rhoads, Joseph W. Swain, Jr., Philadelphia, Pa., for Eastern R. R. Presidents Conference (4).

Francis C. Reed, Powell Pierpoint, New York City, Robert M. Gray, Washington, D. C., for Carl Byoir & Associates, Inc. (5).

**324**

Francis M. Shea, Washington, D. C., Prime F. Osborn, Louisville, Ky., for Atlantic Coast Line R. Co. (7).

Stuart S. Ball, J. H. Hayes, Amos M. Mathews, J. W. Nisbet, Chicago, Ill., for Atchison, T. & S. F. Ry. Co. (8), Chicago, B. & Q. R. Co. (16), Chicago, M. St. P. & P. R. Co. (21), Chicago & N. W. Ry. Co. (22), Chicago, R. I. & P. R. Co. (23), Great Northern Ry. Co. (31), Illinois Cent. R. Co. (33), Missouri-Kansas-Texas R. Co. (40), Missouri Pac. R. Co. (41), Northern Pac. Ry. Co. (65), St. Louis-S. F. Ry. Co. (70), Southern Pac. Co. (72), Union Pac. R. Co. (76), Wabash R. Co. (78) and Minneapolis, St. P. & S. S. M. R. Co. (80).*

Hugh B. Cox, James H. McGlothlin, James C. McKay, Washington, D. C., Edwin H. Burgess, John L. Rogers, Jr., Baltimore, Md., for Baltimore & O. R. Co. (11).

Edward K. Wheeler, Robert G. Seaks, Washington, D. C., for Chesapeake & O. Ry. Co. (15).

Hugh B. Cox, James H. McGlothlin, James C. McKay, W. T. Pierson, Washington, D. C., P. H. Donovan, Cleveland, Ohio, for Erie R. Co. (29).

Edward K. Wheeler, Robert G. Seaks, Washington, D. C., Gerald E. Dwyer, New York City, for New York Cent. R. Co. (58).

Hugh B. Cox, James H. McGlothlin, James C. McKay, Washington, D. C., John B. Prizer, Carl Helmetag, Jr., Lewin W. Wickes, Philadelphia, Pa., for Pennsylvania R. Co. (66).*

Francis M. Shea, Henry L. Walker, Washington, D. C., for Southern Ry. Co. (81).

Francis M. Shea, Washington, D. C., Harold J. Gallagher, New York City, Charles T. Abeles, Richmond, Va., for Seaboard Air Line R. Co. (88).

SIRICA, District Judge.

On December 15, 1954, western railroad defendants (8), (16), (21), (22), (23), (33), (40), (41), (70) and (76) individually filed identical counterclaims against plaintiff Riss & Company which alleged that:

> " * * * Riss, beginning long prior to 1950, instituted a campaign of unfair competitive practices against counterclaimant through the preparation, circulation, and publication of false and malicious statements concerning the transportation of goods by rail. By such practices Riss has caused and induced shippers to divert traffic from counterclaimant which would otherwise have been routed over it."

An identical counterclaim was filed by defendant (78), the Wabash Railroad, on March 24, 1955. These counterclaims were filed by some of the western railroad defendants only and not by the eastern and southern railroad defendants.

In response to a request from the Court, these defendants filed a memorandum on May 9, 1960 setting forth the facts supporting this charge of defamation. This memorandum indicates that defendants rely solely on an article published in a newspaper, the Kansas City Star, on June 4, 1953, more than one year before the complaint in this case was filed and more than 18 months before this counterclaim was filed. All parties have considered these counterclaims as ones sounding in libel and therefore, if independently brought, the counterclaims would be barred by the one-year District of Columbia statute of limitations. D.C. Code, § 12–201 (1951); Filson v. Fountain, 1952, 90 App.D.C. 273, 274, 197 F.2d 383, 384; Universal Airline v. Eastern Air Lines, 1951, 88 App.D.C. 219, 222, 188 F.2d 993, 996; Kaplan v. Manhattan Life Ins. Co., 1939, 71 App.D.C. 250, 109 F.2d 463. Defendants, however, contend that the counterclaims can be asserted defensively to reduce plaintiff's claim under the common-law doctrine of recoupment alleging that defendants'

---

* These defendants have filed counter-claims against the plaintiff.

claim arises out of the same transaction as the plaintiff's.

The single instance of a defamatory statement relied upon by defendants as the basis for their counterclaims is, as previously indicated, an article in the Kansas City Star of June 4, 1953. The first column of the article is headed, in letters of approximately three-eighths of an inch, "Riss Motive Hit," and immediately below in letters of approximately one-eighth of an inch, "Railway Lawyers Charge Trucker with Using Courts to Continue Illegal Carrying," and describes the filing of a reply brief to plaintiff's motion for a new trial in the United States District Court at Kansas City by "attorneys for the Class I railways of the Eastern and Western territories. * * *" The second column of the article is headed, in letters of approximately three-sixteenths of an inch, "Puts Blame on Rails."

This portion of the article purportedly quotes the president of plaintiff company as stating " * * * it was inconceivable that the *railways* could allege unfounded statements concerning Riss's authority to transport explosives. * * * [T]he *railroads* spent millions of dollars and used questionable techniques. * * * I cannot believe that in the face of our crisis in Korea and the need for ammunition that exits there, that the *railroads* would ask the government to destroy a transportation facility that is greatly aiding in the war effort solely for reasons of competition, which is actually all their petition states. This action [evidently referring to the filing of the brief mentioned in the earlier column of the article] is tantamount to treason." (Emphasis added.)

■ Even if *(without deciding the matter) this counterclaim is not barred by the statute of limitations and may be pleaded defensively under the doctrine of recoupment (see: Sullivan v. Hoover, D.C.D.C.1947, 6 F.R.D. 513), the question still remains as to whether a cause of action in libel is stated. (The Court will assume [without deciding the matter]

for purposes of this opinion, that the words "tantamount to treason" are equivalent to a charge of treason, so as to be libelous per se, thus eliminating the necessity of proving special damages (Norfolk & Washington Steamboat Co. v. Davis, 1898, 12 App.D.C. 306, 307, 331–332). When the alleged defamatory matter is directed at a class or group (e. g., "the railroads"), rather than at a particular individual, the individual member must show some application of the defamatory matter to himself. 33 Am.Jur. Libel & Slander § 192 (1941); Prosser, Torts § 92 (2d ed. 1955 and cases cited therein); Newell, Slander and Libel § 220 (4th ed. 1924); Restatement, Torts § 564, comment b (1938). The size of the class defamed is a factor considered by the courts in resolving this question. See: Crosby v. Time, Inc., 7 Cir., 1958, 254 F.2d 927, 928 ("top Western officials of the * * * Teamsters"); Golden North Airways v. Tanana Pub. Co., 9 Cir., 1954, 218 F.2d 612 (5–10 non-scheduled air carriers); Simpson v. Steen, D.C.Utah 1954, 127 F.Supp. 132 (four mine owners); Watts-Wagner Co. v. General Motors Corp., D.C.S.D. N.Y.1945, 64 F.Supp. 506 (manufacturers and sellers of battery preservers); Noral v. Hearst Publications, 1940, 40 Cal.App.2d 348, 104 P.2d 860 (162 officials of association); Prosser, Torts § 92, pp. 583–84 (2d ed. 1955); Note, 34 Colum.L.Rev. 1322, 1325–26 (1934).

In Service Parking Corp. v. Washington Times Co., 1951, 67 App.D.C. 351, 92 F.2d 502, 503, a newspaper article reporting on "the chiseling of parking lot owners and garages" was held not to refer to plaintiff lot owner with sufficient particularity to enable him to bring an action for libel. The class referred to by the article consisted of from twenty to thirty parking lots operated by ten or twelve owners. After reviewing the authorities, Judge Stephens concluded that "The courts have chosen not to limit freedom of public discussion except to prevent harm occasioned by defamatory statements *reasonably susceptible of special application to a given individual.*"

**326**

67 App.D.C. at pages 354–355, 92 F.2d at pages 505–506. (Emphasis added.)

In Fowler v. Curtis Pub. Co., D.C. D.C.1948, 78 F.Supp. 303, affirmed 1950, 86 U.S.App.D.C. 349, 182 F.2d 377, Judge Holtzoff held that an article, illustrated by a photograph of a "Columbia" taxicab, which severely criticized local taxi drivers gave no action in libel to a plaintiff who was one of fifty-nine "Columbia" taxicab drivers.

■ The principles enunciated by the cases are applicable to the individual railroad counterclaimants here. The article and remarks complained of refer to "the rails", "the railways", "the railroads". In 1954, the Association of American Railroads consisted of one hundred and thirty-one railroads (Transcript of Trial, pp. 5424–49). Assuming that the remarks complained of refer only to railways of the "Eastern and Western territories" mentioned in the first column of the newspaper article, the class concerned is still a large one. In 1954, approximately thirty-seven railroads were members of the Eastern Railroad Presidents' Conference (Plaintiff's exhibit 191A) and approximately sixty-four railroads were members of the Association of Western Railways (Plaintiff's exhibit 189A). There is no mention in the article of any individual railroad. The article does not concern more than railroads as a class or at most the Class I railroads of "the Eastern and Western territories." In the language of the cases, there is no reference to "some ascertained or ascertainable person." Service Parking Corp. v. Washington Times Co., 67 App.D.C. at page 355, 92 F.2d at page 506.

In its earlier reply to these counterclaims, plaintiff contended that they failed to state a claim upon which relief could be granted and asked judgment dismissing them. In its reply to the memorandum filed by defendants in May 1960, plaintiff moved for a directed verdict with costs on the basis of the statute of limitations defense. Pursuant to the provisions of Rule 12(b), Federal Rules of Civil Procedure, 28 U.S.C.A., the court will treat these motions as motions for summary judgment and will grant summary judgment in favor of plaintiff on the counterclaims of defendants (8), (16), (21), (22), (23), (33), (40), (70) and (76), contained in paragraph 21 of their answers and counterclaims filed December 15, 1954, and the counterclaim of defendant (78) contained in paragraph 21 of its answer and counterclaim filed March 24, 1955, without costs.

Counsel for plaintiff will prepare an appropriate order.