**A. J. SIMLER, Appellant,**

v.

**Leslie L. CONNER, Appellee.**

**No. 6339.**

United States Court of Appeals
Tenth Circuit.

Sept. 3, 1960.

Rehearing Denied Sept. 27, 1960.

John B. Ogden, Oklahoma City, Okl. (Jack M. Highley, Oklahoma City, Okl., with him on the brief), for appellant.

Phil E. Daugherty and Robert O. Bailey, Oklahoma City, Okl. (Leslie L. Conner and James M. Little, Oklahoma City, Okl., with them on the brief), for appellee.

Before BRATTON, PICKETT and LEWIS, Circuit Judges.

PICKETT, Circuit Judge.

This is a declaratory judgment action in which the plaintiff Simler seeks a determination of his liability to the defendant Conner for legal services rendered in an Oklahoma Will contest matter. The pleadings raise the question of whether the liability is to be fixed upon the basis of the reasonableness for the services or by employment letters, one of which would entitle Conner to a one-half interest in property recovered by litigation. Simler's demand for a jury trial on the issue of a reasonable fee was denied by the trial judge. Thereupon Simler brought mandamus proceedings in this court in which he sought an order directing the District Court to submit the issue to a jury. On January 7, 1960, an order was entered directing the District Judge to vacate all orders theretofore entered denying the jury trial to the plaintiff and to submit for determination all disputed issues of fact arising in such action. Defendant's motion for summary judgment was pending and the order provided that it was not to be construed to affect the right of the District Court to dispose of the action summarily. On January 12, 1960 the District Court entered an order sustaining defendant's motion for summary judgment and adjudged Conner to be the owner of a one-half interest in certain oil producing farm lands which had been distributed to Simler as a result of litigation in the federal courts. This appeal is from that judgment.

Simler's sister, Birdine Fletcher, died in July of 1952, leaving a Last Will and Testament in which she devised to Simler, her sole and only heir at law, the sum of "one dollar and no more." The residue of her estate, which included the oil producing farm lands, was bequeathed to a corporate charitable organization. On July 18, 1952, Simler employed Conner to represent him to contest the admission of the will to probate. The employment was confirmed by a letter of that date in which Simler, in addition to expenses, agreed to pay a reasonable attorney fee for the services in case there was a recovery.[1]

---

1. This letter reads:

"July 18, 1952

"Mr. Leslie L. Conner, Atty.,
"410–414 Hightower Bldg.,
"Oklahoma City, Oklahoma.
"Dear Sir:—
 "Re: Birdine Fletcher Estate
 "County Court Oklahoma
 County, Oklahoma
"This confirms our employment of your self and law firm to represent us in the matter of the Estate of Birdine Fletcher, deceased, now pending in the County Court of Oklahoma County, Oklahoma, wherein certain people have filed petition to probate an alleged will supposed to be signed by her.

 "We agree to pay all the witness fees, court costs, furnish all bonds, purchase copy of all records from court reporters,

On July 30, 1952, Simler approved the proposed objections to the admission of the will to probate prepared by Conner and directed them to be filed as of that date. Following the will contest hearings, Conner employed additional attorneys to assist him.[2] The attorneys concluded that a federal court action should be instituted to determine the rights of the charitable devisee, a Missouri corporation, to inherit the Oklahoma real property. The filing of this action was authorized by Simler.

The record discloses that because of appeals in the unsuccessful will contest matters and the changed circumstances occasioned by the federal court action, Conner and his associates were not satisfied with the fee arrangement provided for in the July 18th letter. Consequently Simler, who lived in Arkansas, was called to Conner's office in Oklahoma City, and the matter of fees was again discussed. On September 25, 1952 a second letter was executed by Simler fixing the fee on the basis of specific percentages of any recovery.[3] The attack upon the power of the charitable devisee to inherit Oklahoma real property was successful in this Court (Simler v. Wilson, 210 F.2d 99), and the farm lands were thereafter distributed to Simler, together with impounded income therefrom. Conner assigned 28% of his claim for attorney fees to James E. Grigsby for his services, and Simler settled with Grigsby, taking an assignment of his interest in the property.[4]

It is the contention of Simler that the September 25th letter was executed while the relationship of attorney and client existed between himself and Conner and was therefore unenforceable under Oklahoma law, and that Conner was entitled only to a reasonable fee for his services. Conner contends that the September 25th letter is not a new agreement but merely a determination of the parties as to what

---

prepare the evidence and pay all necessary bills to contest the admission of this will to probate because we do not believe it is a valid will. We understand that this will run in the approximate neighborhood of $1,000.00.

"We also agree to pay you and your firm a reasonable attorneys fee for the services rendered and to be rendered in this case in the County Court, and if necessary in the District Court and if necessary in the Supreme Court of the State of Oklahoma, which fee may be set by the County Court or any other court; if the matter is successful either by trial or judgment or compromise.

"If the matter is not, won, compromised or settled you are not to charge us a fee.

"Yours truly,
"A. J. Simler

"A. J. Simler, for himself and his children."

2. Conner agreed to share his fee with the additional attorneys and that separate charges were not to be made to Simler.

3. This letter reads:
"September 25, 1952.
"Mr. Leslie L. Conner
"Conner, Hilpirt & Britton
"Attorneys and Counselors at Law
"410–414 Hightower Building
"Oklahoma City, Oklahoma.
"Dear Sir:—
"With reference to my letter of July 18, 1952, employing your firm in the Fletcher Will and Estate Contest, I agree that the reasonable fee is:
"25% of the amount recovered if settled without trial.
"33% of the amount recovered if the case is tried in County and District Court.
"50% of the amount recovered if the case is appealed to the Supreme Court.
"I understand that all expenses, taxes and costs are to be deducted first.
"This is a contingent fee and if nothing is recovered, no fee is to be paid.
"If anything is recovered or settled, I agree to pay you the above fees.
"Yours truly,
"A. J. Simler
"A. J. Simler."

4. The ownership of the Grigsby interest was not determined by the District Court and cannot be disposed of here.

should be the reasonable fee provided for in the July 18th letter. We held in the mandamus action that Simler was entitled to a jury trial on the question of the reasonableness of a fee. This leaves for determination only the question of whether the September 25th letter is a valid contract for the payment of attorney fees.

The parties agree that ordinarily an attorney may, in good faith, contract for a percentage or portion of the proceeds of the client's cause of action or claim, not to exceed 50% of the net amount recovered. Title 5, § 7, O.S.A.; Williams v. Wright, 208 Okl. 613, 258 P.2d 162; Renegar v. Fleming, 202 Okl. 197, 211 P.2d 272; Emery v. Goff, 198 Okl. 534, 180 P.2d 175, 171 A.L.R. 457; Correll v. Holt et al., 191 Okl. 622, 132 P.2d 953; Board of Education of Oklahoma City v. Thurman, 121 Okl. 108, 247 P. 996; Lashley v. Moore, 112 Okl. 198, 240 P. 704.

 The relationship of attorney and client is one of special trust and confidence. It requires that an attorney act toward his client with utmost good faith and fidelity. All dealings with the client must be fair, without fraud, duress or imposition. Board of Education of Oklahoma City v. Thurman, supra. The general rule is that contracts entered into between attorneys and clients while the relationship exists are not void as a matter of law. 5 Am.Jur., Attorneys at Law, § 160; 7 C.J.S., Attorney and Client, § 127; Spaulding, et al. v. Beidleman et al., 60 Okl. 183, 160 P. 1120; Annotation 19 A.L.R. 848. In Oklahoma such contracts are presumptively fraudulent and will not be upheld at the instance of the attorney unless a searching scrutiny shows them to be fair, just and equitable. Neary v. Markham, et al., 10 Cir., 155 F.2d 485.[5] When such contracts are

called into question, the burden is upon the attorney to establish that they are fairly made, without fraud, duress or imposition. Roseboom v. Baughman, 169 Okl. 442, 37 P.2d 616; Haunstein v. McCalister, 172 Okl. 613, 46 P.2d 552. In Thomas v. Wilson, Okl., 185 P.2d 473, 475, in discussing business transactions between attorney and client, it was stated that the burden is upon the attorney to prove that such dealings are "on that ultra high plane of not only being without fraud, but also above possibility thereof." Clearly the letter of September 25th, providing that the fees should be a fixed percentage of any recovery, was an adjustment of the original agreement providing for a different schedule, to the advantage of Conner, which made the foregoing rules applicable.

In the Haunstein case [172 Okl. 613, 46 P.2d 556], after stating that contracts between attorney and client to the advantage of the attorney, made while the relationship exists are presumptively fraudulent and that the burden of proof is upon the attorney to show that such contracts are fair, just and equitable, the court continued with the statement: "even then he is not entitled to recover more than reasonable compensation for his services, regardless of the contract price." Simler argues that this statement in effect nullifies the contract and limits the recovery in all such cases to a reasonable fee. If the language is to be construed as Simler contends it should, then all contracts between attorneys and clients made during the existence of the relationship would be ineffective regardless of the good faith and fair dealings of the attorney. It would be in conflict with the actual holding in Haunstein and the approved instruction to the jury on the issue of fraud in that case.

5. Relying on Haunstein v. McCalister, 172 Okl. 613, 46 P.2d 552, this Court, in Neary v. Markham, 155 F.2d 485, 488, said:

"Contracts between · attorneys and clients, while not absolutely void, are carefully scrutinized. While they are not void as a matter of law, they are presumptively fraudulent, and will not be upheld at the instance of the attorney unless a searching scrutiny shows them to be fair, just and equitable." (Footnote omitted.)

■ A fair analysis of the decisions of the Supreme Court of Oklahoma establishes that court recognizes and follows the general rule that a contract for compensation of an attorney, made during the existence of the relationship of attorney and client, is valid and enforceable if executed freely, voluntarily and with full understanding of the client. The voluminous record in this case indicates the vast amount of labor, skill and time spent by the attorneys in connection with different cases which reached the appellate courts of the State of Oklahoma and the federal judicial system. We do not intend to minimize the value of these services or to say that the contingent fees provided for in the September 25th letter are unreasonable, but we are convinced that under well established principles of law in Oklahoma, the case should have been submitted to a jury on the question of whether the September 25th contract was fair, just and equitable and free from fraud.[6] If the jury finds that the contract was entered into fairly, with no overreaching on the part of Conner, then it may be enforced. On the other hand, if the jury finds that the September 25th part of the contract was consummated because of an unfair advantage taken by Conner, then it should determine the question of a reasonable fee, which is admittedly due.

■■ Conner raises the question of estoppel, contending that Simler accepted the benefit of the last contract and now seeks to avoid liability thereunder. Simler admits that Conner is entitled to reasonable compensation for his services under the original employment or in quantum meruit. If the second contract is void, the provisions of the first contract would be effective and the fees should be fixed according to its terms. The doctrine of estoppel cannot be invoked to render a void contract valid. 19 Am.Jur.,

Estoppel, § 4, 149; General Beverages, Inc. v. Rogers, 10 Cir., 216 F.2d 413, 417.

The case is reversed and remanded with instructions to grant a jury trial in conformity with the views herein expressed.

---

6. The case was originally assigned to Judge Wallace for trial and most of the preliminary matters were disposed of by him. Prior to the transfer of the case to Chief Judge Chandler, a jury trial was ordered on this issue by Judge Wallace.