**A. J. SIMLER, Appellant,**

v.

**Leslie L. CONNER, Appellee.**

No. 6339.

United States Court of Appeals
Tenth Circuit.

Oct. 12, 1961.

Rehearing Denied Nov. 18, 1961.

Certiorari Granted Jan. 15, 1962.

See 82 S.Ct. 440.

John B. Ogden, Oklahoma City, Okl. (Jack M. Highley, Oklahoma City, Okl., on the brief), for appellant.

James M. Little and Phil E. Daugherty, Oklahoma City, Okl. (Leslie L. Conner, Oklahoma City, Okl., on the brief), for appellee.

Before BRATTON, PICKETT and LEWIS, Circuit Judges.

PER CURIAM (on reconsideration).

When we originally considered this declaratory judgment action in which determinations of the validity of an attorney's contingent fee contract and of the reasonableness of an attorney's fee in a will-contest case are sought, we held that the plaintiff was entitled to a jury trial on the issues of fact. Simler v. Conner, 10 Cir., 282 F.2d 382. Thereafter the United States Supreme Court vacated our judgment and remanded the case "for reconsideration in the light of Southard v. MacDonald, Okl., 360 P.2d 940." Conner v. Simler, 367 U.S. 486, 81 S.Ct. 1679, 6 L.Ed.2d 1241. In the Southard case the Supreme Court of Oklahoma held:

"Where it is necessary to cancel a contingent fee contract before any other relief prayed for can be granted, and the cancellation of such contract is the basic relief sought, neither party is entitled to a jury trial for the reason that the cancellation

is a purely equitable matter." Southard v. MacDonald, Okl., 360 P.2d 940, 941 (syllabus by the court).

Unless the contingent fee contract in this case is held to be invalid the value of the services on a quantum meruit basis does not arise, and Conner is entitled to one-half of any recovery resulting from the legal services rendered in connection with the will contest matter. The basic relief sought is the cancellation of the contract; therefore the action is purely equitable in nature, and should be determined by the court without a jury.

As to the appropriateness of the trial court's summary judgment our views remain as expressed in the former opinion.

Reversed and remanded for trial without a jury.

LEWIS, Circuit Judge.

I concur. The Supreme Court of the United States in remanding this case for further consideration in the light of Southard v. MacDonald, Okl., 360 P.2d 940 makes it manifest that the issues are dependent upon the application of state law. And the opinion of the Supreme Court of Oklahoma in Southard indicates that there is no factual element of reasonableness necessarily inherent in the searching scrutiny required in determining the validity of a contingent fee contract made between attorney and client as authorized by Title 5 O.S.A. § 7. I interpret Southard as negativing the earlier language contained in Haunstein v. McCalister, 172 Okl. 613, 46 P.2d 552, 556, wherein it was stated that an attorney, having entered into a contingent fee contract with his client, shown to be free from fraud, still "is not entitled to recover more than reasonable compensation for his services, *regardless of the contract price.*" (Emphasis added.) In Southard it is said, 360 P.2d 940 at pages 945–946: "Since we hold that the deed and contract are binding, there is no necessity to discuss the value of the service on quantum meruit." And it follows, as stated in the main opinion, that the issue of the validity of the contract is one for the court to determine and under applicable state law. It also follows, since the trial court has summarily determined that the subject contract is valid and binding, that our present review must search the correctness of that holding.

The trial court rendered summary judgment after reading the depositions of the plaintiff, defendant and a third person present when the questioned contract was executed. The testimony therein contained shows a substantial agreement of the witnesses as to the circumstances preceding and attending the execution of the contract. Agreement upon these circumstances, however, does not preclude the finding of varying but permissible inferences from those circumstances. To find an ultimate fact by this method is trial by affidavit and not proper under Rule 56, Fed.Rules Civ.Proc. 28 U.S.C.A. I agree that the case should be remanded for trial before the court.