Robert C. **FIELDING**, Appellant,

v.

John Henry **BREBBIA** et al., Appellees.

No. 21610.

United States Court of Appeals District of Columbia Circuit.

Argued June 10, 1968.

Decided July 25, 1968.

Mr. William W. Scott, Washington, D. C., for appellant.

Mr. Jacob A. Stein, Washington, D. C., for appellees. Messrs. Edward J. Gorman, Jr. and Arthur V. Butler, Washington, D. C., also entered appearances for appellees.

Before WILBUR K. MILLER, Senior Circuit Judge, and DANAHER and WRIGHT, Circuit Judges.

DANAHER, Circuit Judge:

The District Court's order of November 2, 1967 dismissed the original complaint filed by this appellant, but pursuant to leave then given, the appellant promptly filed an amended complaint, setting up two counts. Thereupon the appellees moved to dismiss.[1] After argument, the District Court on December 8, 1967 dismissed the amended complaint with prejudice, and this appeal followed.

Briefly summarizing the first count respecting "Breach of Fiduciary Duty," we note that the amended complaint alleged that the plaintiff-appellant had become President and a member of the Board of Directors of First Western Financial Corporation as to which, and with respect to the appellant's connection with that concern, the appellees as attorneys had counseled the appellant on legal matters. First the appellee Webster over the period 1959 to September 1966 had begun to handle "many of Plaintiff's legal matters." Then, commencing in 1965, appellee Brebbia "began to represent Plaintiff along with Defendant Webster in connection with the operations of Financial and Plaintiff's relationship with Financial."

Commencing in 1966, the appellees, it was alleged, advised plaintiff to sever his relationship with Financial on variously stated grounds, and in reliance upon the advice and representations of the appellees, the appellant had caused the appointment of appellee Webster to the Board of Directors of Financial. Then the appellant had sold his stock in Financial but had retained status as a consultant only presently to be "removed at the instigation of Defendants."

The complaint continues:

"The advice given and representations made by Defendants were in bad faith and for the purpose of furthering their own interests at the expense of their client, the Plaintiff herein, as part of a plan to seize control of Financial."[2]

Indeed, the complaint went on to allege that in May, 1967

"Defendants caused an action to be instituted against Plaintiff and others alleging on information and belief that Plaintiff while a director of Financial permitted the waste and dissipation of the funds, property and assets of the Corporation through improper, reckless, negligent or careless operations.

"11. Defendants in advising Plaintiff to sever his relationship with Financial and stating that Plaintiff would continue as a consultant thereto did not intend to represent Plaintiff's best interests and sought only personal gain at Plaintiff's expense. In so doing they breached their fiduciary duty owed to Plaintiff."

Such actions allegedly occurred in New York and in Washington, D. C., from early 1966 to August, 1966, all to the appellant's damage because "of the breach of the fiduciary relation" between the ap-

---

1. The motion was based on the ground that the complaint failed to state a claim "against the defendants upon which relief can be granted, or, in the alternative, for summary judgment, there being no genuine issue as to any material fact."

2. A.B.A. Canon of Professional Ethics 6 reads in pertinent part:
 "It is unprofessional to represent conflicting interests, except by express consent of all concerned given after a full disclosure of the facts. Within the meaning of this canon, a lawyer represents conflicting interests when, in behalf of one client, it is his duty to contend for that which duty to another client requires him to oppose."

pellant as a client and the appellees as his counsel.

 We have carefully considered all materials of record and are of the opinion that the amended complaint satisfies the requirements of Fed.R.Civ.P. 8(a). We intimate no view whatever as to the merits despite the allegation of appellees' motion [3] that there had been pleaded allegations as to which there was "no genuine issue as to any material fact." This jurisdiction has been outstandingly alert to the delicacy of the status of attorneys who undertake to counsel a client. For example, in Goodrum v. Clement, 51 App.D.C. 184, 189, 277 F. 586, 591 (1922), we said:

> "The relation of attorney and client is one of the highest trust and confidence, and demands the utmost good faith on the part of the attorney. This relation is not only highly confidential, but presents so many opportunities for the reaping of special benefits at the expense of the client by an attorney so disposed, that courts will closely scrutinize any transaction in which the attorney has assumed a position antagonistic to his client. And where, as here, the evidence shows that as a result of assuming such a position the attorney has gained an advantage, the burden is on him to prove good faith, rather than on the client to prove the absence of it." [4]

The principles thus to be discerned are similarly stated by many courts [5] whose views are entitled to respect. As to the first count, we have no difficulty in deciding that there was error in the order of dismissal.

 We assert no such assurance respecting the second count entitled "Intentional Falsehood" as to which the District Judge in colloquy with counsel prior to his ruling made no reference. The gist of the allegation was that the appellees maliciously intended to injure the appellant "in his person and in his business" and knowingly uttered untrue statements, realizing that they would harm the appellant. The count had not set forth how and where and under what circumstances such statements were "made known to certain persons," or what damages were claimed as special to the appellant or to his business or in what way.[6] We deem it unnecessary presently to spell out all elements of the tort which here assertedly gave rise to an independent claim. Evidence of the conduct complained of would clearly appear to be competent in support of the first count as to the claimed breach of fiduciary relationship and the conflict of interest allegations there set forth. Thus in the circumstances of this case, we see no prejudice [7] to the appellant, for in any event if he is to recover at all, he must do so in light of the evidence and the applicable law. In short, there remains to the appellant ample latitude to offer such evidence in support of his asserted right to relief under

---

3. *Supra* note 1.

4. Here, of course, as already noted, we are in no position to evaluate the extent of the showing the appellant may be able to make by evidence in support of his claim, but if so developed at trial, the judge may deem the state of the evidence sufficient to require that the appellees meet the burden as pronounced in the case cited.
 *Cf.* Brown v. Coates, 102 U.S.App.D.C. 300, 302, 304, 253 F.2d 36, 38, 40, 67 A.L.R.2d 943 (1958).

5. See, e.g., McFail v. Braden, 19 Ill.2d 108, 166 N.E.2d 46, 51, 52 (1960); Kukla v. Perry, 361 Mich. 311, 105 N.W.2d 176, 178(1960); Smyrna Developers, Inc. v. Bornstein, 177 So.2d 16, 18 (Fla.App.

1965); Gerlach v. Donnelly, 98 So.2d 493, 498 (Fla.1957); American-Canadian Oil & Drilling Corp. v. Aldridge & Stroud, Inc., 237 Ark. 407, 373 S.W.2d 148, 150, 151 (1963); Simler v. Conner, 282 F.2d 382, 385 (10 Cir. 1960).

6. *Cf.* Fowler v. Curtis Publishing Co., 86 U.S.App.D.C. 349, 350, 351, 182 F.2d 377, 378, 379 (1950).

7. Moreover the court must in its final judgment grant such relief as the claimant may establish he is entitled to receive, FED.R.CIV.P. 54(c); 2A, J. MOORE, FEDERAL PRACTICE ¶ 8.14 (2d ed. 1967); Gins v. Mauser Plumbing Supply Co., 148 F.2d 974, 976 (2 Cir. 1945).

allegations which we have already ruled may establish the appellant's claim. On that account, we do not reverse the order of the District Court respecting the second count.

Otherwise, the order dismissing the appellant's complaint in toto is reversed with directions that the first count be reinstated that the case may take its course.

Reversed.